VICTOR CARPENTER *et al.* *vs.* RHODE ISLAND COMPANY.
MARY A. REDDINGTON *vs.* WALDO I. GETCHELL.

JUNE 9, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Death by Wrongful Act.*

Gen. Laws, 1909, cap. 283, § 14, referring to an action for wrongful death, provides, "Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state: *Provided,* that every such action shall be commenced within two years after the death of such person.   If there is no executor or administrator or if, there being one, no action is brought in his name within six months after the death, one action may be brought in the names of all the beneficiaries, either by all or by part, stating that they sue for the benefit of all, and stating their respective relations to the deceased: *Provided, further,* that if such action be brought by the beneficiaries, no action shall thereafter be brought by the executor or administrator."

*Held,* that the statute does not suspend the right of action until the appointment of an executor or administrator, but from the date of such appointment and qualification, provided no action has previously been commenced by the beneficiaries, such executor or administrator has the exclusive right to bring such action within the portion still remaining of the six months immediately following the death of the deceased, but aside from this limitation the beneficiaries may bring such action at any time within the two years allowed therefor.

*(2)   Construction of Statutes.*

Where the language of a statute is clear, and admits of but one meaning, the legislature should be intended to mean what it has plainly expressed and there is no room for construction, for courts are not to inquire as to the motive of the legislature nor to depart from a meaning clearly conveyed in unambiguous words, because the statute, as literally understood appears to lead to unwise conclusions or to contravene public policy.

*(3)   Death by Wrongful Act.*

Where an action is commenced by the beneficiaries under Gen. Laws, 1909, cap. 283, § 14, within the period of six months following the death of the deceased person, the declaration should allege that no executor or administrator had been appointed.

*(4)   Death by Wrongful Act.   Beneficiaries.*

Under Gen. Laws, 1909, cap. 316, § 1, as amended by Pub. Laws, cap. 924, in an action brought by the beneficiaries to recover for a death by wrongful act under cap. 283, § 14, a mother is placed on the same footing as the father in the matter of damages, for the death of their child.

TRESPASS ON THE CASE for negligence.   Heard on demurrers of defendants and sustained.

BAKER, J.   These are actions of trespass on the case brought in each instance to recover damages for the alleged wrongful death of a minor child at the hands of the respective defendants.   In the first action, Victor Carpenter and Annie Carpenter, his wife, sue as father and mother and as all the beneficiaries of Jennie B. Carpenter for her wrongful death, as aforesaid, on August 23, 1913, at the age of five years; and they allege that no administrator has been appointed on her estate.   The writ is dated September 25, 1913.   In this case the defendant demurred to the declaration in these words:   "That it appears in and by said plaintiffs' declaration that no right exists on the part of said plaintiffs to bring said suit, six months not having expired since the death of said deceased."   The demurrer was sustained in the Superior Court.   Plaintiffs excepted to such ruling and are before this court upon their bill of exceptions.

In the second action, Mary A. Reddington sues "for the benefit of herself and her husband, Anthony H. Reddington, the parents of Joseph M. Reddington, deceased, and the beneficiaries of his estate" for his wrongful death, as aforesaid, on the day of September, A. D. 1913, at the age of twenty years.   The writ is dated October 16, 1913.   The defendant demurred to the declaration, the first two grounds of which are as follows:   "1. That it does not appear by said declaration that at the time of the commencement of this action six months had elapsed since the death of said Joseph M. Reddington.   2. That it appears by said declaration that this action was commenced less than six months after the death of Joseph M. Reddington."

The same question is raised in each case and was the only one argued before this court, although other grounds of demurrer to the declaration are stated in the second case. The two cases, therefore, may be considered together.

The question raised involves the construction to be given Sec. 14 of Chap. 283 of the Gen. Laws.   The question thus

raised is, can, under said section, an action for damages for wrongful death under any circumstances be maintained by the beneficiaries of a deceased person within six months of his death? The portions of said section material in the present inquiry are as follows: "Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, . . . *provided*, that every such action shall be commenced within two years after the death of such person. If there is no executor or administrator, or if, there being one, no action is brought in his name within six months after the death, one action may be brought in the names of all the beneficiaries, either by all or by part, stating that they sue for the benefit of all, and stating their respective relations to the deceased: . . . *Provided, further*, that if such action be brought by the beneficiaries, no action shall thereafter be brought by the executor or administrator."

(1)    The defendants claim that such an action cannot under any circumstances be maintained by the beneficiaries of the deceased within six months of his death, because such right of action is for that period exclusively reserved for and belongs to the executor or administrator on the estate of the deceased. In such circumstances, if no such executor or administrator was appointed within six months, it would follow that the right of action created by the statute is in suspense and nonenforcible during that period.

The plaintiffs claim that a beneficiary has the right to sue after such death and before the appointment of an administrator, as well as in the last eighteen months of the two years allowed for bringing such an action.

Our statute in its present form was made part of the Judiciary Act of 1893, and has remained unchanged in the two revisions of the General Laws since that date. It follows and adopts the essential features of the Act of 9 and 10 Victoria, Chap. 93, known as Lord Campbell's Act, passed in 1846, and as amended in 1864, 27 and 28 Victoria, Chap. 95.

Certain features of Lord Campbell's Act were enacted in this state in 1853, which appear in the Revised Statutes of 1857, the General Statutes of 1872, and the Public Statutes of 1882, and thence onward until 1893 without change.

The English act in its original form provides that every action thereunder "shall be brought by and in the name of the executor or administrator of the person deceased." The provisions for bringing actions under the Rhode Island statute, as it appears in the Revision of 1857, and thence onward until 1893 (which provision is somewhat different from the original act of 1853), runs thus: "Actions for the benefit of the widow and next of kin of such passenger or person, may, in all cases be brought by the executor or administrator of the deceased, whether such executor or administrator be appointed and qualified as such within or without this state; but where there is a widow only, she may, at her option, sue in her own name." Under this no preference as to bringing the action is given to the executor or widow, and there is no express provision that only one such action can be brought. In 1864, Lord Campbell's Act was amended in this way, namely: "If and so often as it shall happen . . . that there shall be no executor or administrator of the person deceased, or that, there being such executor or administrator, no such action . . . shall within six calendar months after the death of such deceased person . . . have been brought by and in the name of his or her executor or administrator, then, and in every such case, such action may be brought by and in the name or names of all or any of the persons (if more than one) for whose benefit such action would have been, if it had been brought by and in the name of such executor or administrator." It is to be observed that it is not expressly provided that only one such action can be brought by the beneficiaries, or that no action can be brought by the executor or administrator, after the beneficiaries sue, although perhaps so implied.

In incorporating into our statute in 1893 the essential provisions of Lord Campbell's Act a change was made in

that it is now required that the action "shall be brought by and in the name of the executor or administrator," instead of as formerly it "may" be so brought by them, or by the widow.  The first proviso of Section 14 incorporates in substance the amendment of Lord Campbell's Act with the alteration that it is expressly provided that "one action may be brought in the names of all the beneficiaries."  As already shown, our statute provides that "if action be brought by the beneficiaries, no action shall thereafter be brought by the executor or administrator," and thus it more clearly and expressly guards defendants from a multiplicity of actions than does its English prototype.

Because of this selection of the executor or administrator as the only person authorized to bring such action within the period distinctly limited as to its expiration to six months after the death of the deceased, it is strongly urged that the General Assembly could not have intended that the beneficiaries should come in before it was possible under the law to appoint an executor or administrator and by their unpreventable activity defeat the possibility of any action by the executor or administrator.

This claim has a not unplausible aspect.  For some reason, then considered good, in Lord Campbell's Act the right to sue was originally made exclusive in the executor or administrator of the deceased.  The expediency and necessity of changing this provision appear in the preamble to the amending act of 1864 in the words "And whereas it may happen by reason of the inability or default of any person to obtain probate of the will or letters of administration of the personal estate and effects of the person deceased, or by reason of unwillingness or neglect of the executor or administrator of the person deceased to bring such action as aforesaid, that the person or persons entitled to the benefit of said act may be deprived thereof."  The right of action to recover damages for wrongful death, created by Lord Campbell's Act, has been adopted in some form by every state in the Union, as well as by the United States.  While the majority

of the states, particularly the older and more conservative, give primarily the right of action to the executor or administrator of the deceased, many other states give the right directly to the parties in interest and, if at all, lastly to the personal representatives. At least two states make no provision for such action by an executor or administrator. Several states distinguish between the death of a minor child, where the right of action is given directly to the father or mother, and that of an adult, in which case the right to sue is given to the personal representative. This distinction would seem to be based upon the fact that adults as a class more commonly have estates to be administered upon than do children. There are doubtless conditions where the bringing of such action by an executor or administrator would be entirely natural and convenient, and, on the other hand, other conditions where the appointment of an administrator would involve needless delay and expense and would be of no real service whatever to those in interest. These matters, however, while not without value, are not of a controlling importance, as we are not considering the wisdom of certain legislation, but endeavoring to ascertain its meaning. In other words, the present question is simply one of statutory construction. The language to be construed has been already quoted and is, "If there is no executor or administrator, or if, there being one, no action is brought in his name within six months after the death, one action may be brought in the names of all the beneficiaries."

The defendants ask the court to construe this sentence as if the words "within six months after the death" qualify the first clause "If there is no executor or administrator" as well as the words "If, there being one, no action is brought in his name." Taking the language by itself we are not able to so interpret it. The language is not ambiguous but clear and, as we think, admits of only one meaning. In such case the rule to be followed in the construction of statutes is stated as follows: "If the language is clear and admits of but one meaning, the legislature should be intended to

mean what it has plainly expressed, and there is no room for construction. The plain and sound principle is to declare *ita lex scripta est*, although so understood the statute leads to absurd and mischievous results, and to conclusions not contemplated by the legislature; for courts are not to inquire as to the motive of the legislature, nor to depart from a meaning clearly conveyed in unambiguous words, because the statute, as literally understood, appears to lead to unwise conclusions or to contravene public policy." 26 Am. & Eng. of Law, 598. (2nd Ed.)

We find nothing in the language now under consideration from which it can be fairly inferred that the legislative intent in its enactment was that no action for wrongful death can be brought within six months after such death, unless an executor or administrator upon the estate of the deceased be appointed. By its terms the statute contemplates the contingency of there being no executor or administrator, but does not suspend the right of action in consequence until their appointment.

The words "every such action shall be brought by and in the name of the executor or administrator" in Lord Campbell's Act before amendment did imply that an executor or administrator must be appointed before an action could be brought. But that act and our statute now provide that in addition beneficiaries may, under certain conditions, bring such action without such appointment. The positive requirement "every such action *shall* be brought" no longer retains its original meaning in its fullness, but is necessarily qualified and loses some of its significance. The force of the imperative "shall be brought" is now confined to the period commencing with the appointment of the administrator and ending six months after the death. So construed the act would mean that from the date of the appointment and qualification of an executor or administrator upon the estate of such deceased person, provided that no action has previously been commenced by the beneficiaries, such executor or administrator has the exclusive right to bring

such action within the portion still remaining of the six months immediately following the death of such deceased person; that aside from this limitation the beneficiaries may bring such an action at any time within the two years allowed therefor.

There is nothing unreasonable in this construction. It is difficult to conceive of any mischievous results therefrom. Inasmuch as the beneficiaries are given a right to sue, such right should not be unreasonably diminished by construction. When the deceased leaves an estate requiring settlement in the courts, as has been suggested, it may be the most convenient thing for all concerned to have the action for damages brought by the executor or administrator and accordingly the beneficiaries may defer such action until he be appointed. But when the deceased leaves no estate, and when by law the damages recovered are not assets in the hands of the personal representative, there is no good reason obvious, aside from a clear legal requirement, why the beneficiaries should be compelled to wait six months, or if they do not wish to so delay, to go to the trouble and expense of having an executor or administrator appointed in order to bring an action for damages. We do not think the law requires this.

Our statute expressly permits only one action and the question of who brings the action must be a matter of indifference to the defendant. The only suggestion on this point is the possible financial irresponsibility of a suing beneficiary, but that does not seem to be a very important consideration; nor is it to be inferred that the beneficiaries of persons dying from wrongful acts are likely as a class to be irresponsible financially.

Moreover, the provision of this statute that "if all do not bring suit only those bringing it shall be responsible for costs" seems designed to place some check upon the hasty bringing of an action by a single beneficiary and to tend to protect a defendant in this respect; and it is not unreasonable to presume also that ordinarily the beneficiaries will be led by self interest to unite in their litigation.

The cases cited by the defendants under the laws of Colorado, Kansas and Missouri are not quite in point. In *Hayes* v. *Williams,* 17 Colo. 465, the action was brought by the wife for her husband's death. The statute provides "If there be no husband or wife, or if he or she fails to sue within one year after such death" (suit may be brought) by the heir of the deceased." The action was brought more than a year after death. The court says: "The provision does not expressly limit the wife's right of action to one year. It simply declares that if she does not sue within that time the heirs may bring an action. There is no inconsistency in the assumption that the real purpose of the provision was simply to give the surviving wife or husband preference during the first year; but not to stop her or him from maintaining an action at any time before the expiration of the second year, provided, there be no heirs, or provided, the heirs, if any, have not instituted judicial proceedings."

The other cases cited go very much to the same point.

A parallel case under our statute would be one involving the right of an executor or administrator to commence an action six months after death. Under the laws of those states this preferential right of action for six months goes to a surviving husband or wife immediately upon the death of the deceased and continues during that whole period. Under our statute the beneficiaries have an immediate right of action upon the death, but if it is not exercised before the appointment of an executor or administrator on the estate of the deceased, thereupon the personal representative has thenceforward the exclusive right to sue until the six months after death elapse. The preferential right in such case is necessarily for less than six months.

The diligent search of counsel in both cases has brought to the attention of the court only one case precisely in point, namely, *Holleran* v. *Bagnell,* 4 L. R. (Ireland) 740, C. P. Div. 1879. The action was under Lord Campbell's Act as amended for damages for the death of plaintiff's daughter. It was pleaded that the deceased died within six calendar

months next before the action was brought. The plaintiff demurred. The demurrer was sustained, the court saying: "The defendant has to admit that the grammatical construction of the first section of the act amending Lord Campbell's Act (27 and 28 Vict. C. 95) is against him because it puts two alternatives (1) in case 'there shall be no executor or administrator of the person deceased;' or (2) 'that there being such executor or administrator no such action as in the said act mentioned shall, within six calendar months after the death of such deceased person as therein mentioned, have been brought by and in the name of his or her executor or administrator, then and in every such case such action máy be brought by and in the name of the person' therein mentioned. It becomes necessary for him to contend that you must read into the section 'within six months' in the first clause immediately before 'or that there being such executor or administrator.' I cannot introduce these words into the section. There is no substance in the point that the defendant might be harassed by two actions as there can be but one action brought. The demurrer must, therefore, be allowed."

We are of the opinion, therefore, for the reasons above indicated that the Superior Court was in error in sustaining the defendant's demurrer to the plaintiffs' declaration in the case of *Victor Carpenter et al.* v. *Rhode Island Company*, and in sustaining the defendant's demurrer to the plaintiff's declaration in the case of *Mary A. Reddington* v. *Waldo I. Getchell* on the first two grounds stated in said demurrer. In the latter case the defendant's demurrer contained other (3) grounds which were also sustained. The plaintiff's exception includes the sustaining of the demurrer on the third, fourth, and sixth grounds. We think the decision of the Superior Court was correct as to the third ground. The declaration should allege that no executor or administrator on the estate of Joseph M. Reddington, deceased, had been appointed when the action was commenced. See *City of Eureka* v. *Merrifield*, 53 Kan. 794; *Atchison Water Co.* v. *Price*, 59 Pac. 677; *Barker* v. *Hannibal & St. Jos. Ry. Co.*, 91 Mo. 86. The fourth ground is not well taken, as appears from the

(4) foregoing opinion.    Neither is the sixth, as the "second" paragraph of Section 1 of Chapter 316 of the General Laws, as amended by Chapter 924 of the Public Laws, places a mother on the same footing as a father in the matter of damages for the death of their child.

In the case of *Carpenter* v. *Rhode Island Company* the plaintiffs' exception is sustained.

In the case of *Reddington* v. *Getchell* the plaintiff's exception to the ruling of the Superior Court in upholding the first, second, fourth and sixth grounds of demurrer is sustained, and overruled as to the third ground of demurrer.

The cases are remitted to the Superior Court for the counties of Providence and Bristol for further proceedings.

*O'Shaunessy, Gainer & Carr, Joseph V. O'Donnell,* for plaintiff Carpenter.

*Joseph C. Sweeney, G. Frederick Frost,* for defendant, Rhode Island Company.

*Easton, Williams & Rosenfeld,* for plaintiff, Reddington.
*Mumford, Huddy & Emerson,* for defendant, Getchell.
*Charles C. Mumford,* of counsel.