265 A.2d 655.

RUSSELL FULTON *vs.* ROMEO LAVALLEE.

MAY 25, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

[7]For an excellent dissertation on the same question see *DeGolyer* v. *Commonwealth,* 314 Mass. 626, 51 N.E.2d 251.

ROBERTS, C. J.   This action was brought to recover damages for the death of a child pursuant to the provisions of G. L. 1956, §10-7-1 et seq., the wrongful death act, so called.   The child died on April 14, 1969, and on May 10, 1969, the boy's father brought the instant action.   It appears from the record that the parents of the deceased child had been divorced in the state of Ohio in 1958 and that at that proceeding the deceased child was made a ward of the Juvenile Court of that state.   While legal custody of the child was awarded to neither parent, the mother continued to have physical custody from that time until his death.   The father, plaintiff in the instant suit, remarried and has continued to live in Ohio.

On May 9 the mother petitioned in the Probate Court of the Town of Coventry for her appointment as administratrix of the estate of the deceased.   This petition was granted by the Probate Court on June 9, and shortly thereafter the mother filed, as administratrix, a suit for damages under §10-7-2 of the wrongful death act.   Prior to her qualification as administratrix, the mother had moved that the instant action be dismissed as prematurely brought.   After her qualification she filed the instant motion to dismiss the father's suit, contending that she in her capacity as administratrix under the provisions of the statute had an exclusive right to institute an action for damages in her name as administratrix for a period of six months after the date of the death of the child.

Both motions to dismiss were heard by a justice of the Superior Court who thereafter denied the motions, relying on the case of *Carpenter* v. *Rhode Island Co.*, 36 R. I.

395, 90 A. 768, decided in 1914. There this court considered the contention that the statute gave the administrator the exclusive right to bring the suit until the expiration of a period of six months after the death of the deceased. This court said: "Under our statute the beneficiaries have an immediate right of action upon the death, but if it is not exercised before the appointment of an executor or administrator on the estate of the deceased, thereupon the personal representative has thenceforward the exclusive right to sue until the six months after death elapse. The preferential right in such case is necessarily for less than six months." *Id.* at 403, 90 A. at 772. From this decision the administratrix is prosecuting an appeal to this court.

It is to be noted that §10-7-2 provides, in pertinent part, that "Every such action shall be brought by and in the name of the executor or administrator of such deceased person * * *." It appears at first blush that the legislature clearly intended to give the exclusive right to bring such suits to the personal representative of the deceased. However, §10-7-3 provides that the beneficiaries of the deceased may in certain circumstances institute such an action. The statute says: "If there is no executor or administrator, or if, there being one, no action is brought in his name within six (6) months after the death, one action may be brought in the names of all the beneficiaries * * *." Again it is clear that the legislature intended to preserve the right of action to the beneficiaries if the administrator or the executor for any reason failed to bring such an action within a period of six months after the death of the deceased.

The question is whether under §10-7-3 a beneficiary could institute such an action between the date of the death of the deceased and the date of the qualification of a petitioner for letters of administration. In *Carpenter*

the court clearly held that the time period between the death of the deceased and the qualification of an administrator was within the contemplation of the statute's language "If there is no executor or administrator," and that during that period an action brought by a beneficiary is not premature.

The administratrix vigorously argues that the trial justice should not have followed *Carpenter*. She contends, in the first place, as we understand her, that to so construe the provisions of the statute is to misconceive the legislative intent to provide for an orderly process of recovering the damages due for wrongful death through the appointment of an administrator who performs this function under the direction and control of the Probate Court. She argues also that the *Carpenter* case was decided in the light of the peculiar facts of that case and that its application should be limited to that precise factual situation. While we are inclined to agree with the contentions of the administratrix in principle, it is our opinion that the construction of the statute set out in the *Carpenter* case has been the law in this jurisdiction for over 50 years. In that period of time, despite a strong presumption that the legislature was fully aware of the implication of the construction given the statute in the *Carpenter* case, it has elected to do nothing toward amending the statute and to let that construction stand. In such circumstance it is our conclusion that the trial justice should not be charged with error and that the rule laid down in the *Carpenter* case should be followed until such time as the legislature in its wisdom clarifies its intention by an appropriate amendment thereto.

The appeal of the administratrix is denied and dismissed, and the judgment appealed from is affirmed.

*Abatuno & Chisholm, Michael A. Abatuno, Alfred G. Thibodeau,* for plaintiff-appellee.

*J. Joseph Nugent,* for administratrix-appellant.