## MARIA WALSH *vs.* DANIEL C. BRESSETTE.

MAY 25, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case brought under the provisions of Section 14, Chapter 333, General Laws, 1923, by Maria Walsh, widow of Thomas F. Walsh, who brought suit in behalf of the beneficiaries designated by said statute, who are herself and her children, to recover damages for the death of said Thomas F. Walsh due to the alleged negligence of the defendant in the operation of his automobile. The case was tried in the Superior Court and at the conclusion of the evidence the trial justice

directed a verdict for the defendant on the ground that there was no evidence of damage to the deceased's estate. The case is before us on plaintiff's exception to the decision of said trial justice.

Thomas F. Walsh was at the time of his death over seventy years of age. He sustained the injuries which resulted in his death in May, 1927. He had not been regularly employed since 1921 when he was earning about twenty-five dollars per week. He gave up his employment in order to care for his wife who was in poor health. He helped his wife with the housework and did odd jobs around the house and yard, which he owned free from mortgage. There was testimony that he could have resumed his former employment and in fact would have done so if not persuaded by his children that he was needed at home to care for his wife.

The trial justice appears to have directed a verdict for the defendant on the authority of *McCabe* v. *Narragansett Electric Lighting Co.*, 26 R. I. 427, where it was said by the court: "When the fact of liability is established, the question of damages becomes as nearly a question of arithmetical computation as the circumstances of the case as disclosed by the evidence will permit." The opinion in the *McCabe* case has been interpreted by this court in several cases. In *Sebille* v. *Dunn*, 99 Atl. 831, where it appeared that the deceased was a farmer and the testimony as to his income and expenses was indefinite, the court, in commenting on the language above quoted from the *McCabe* case, said: "In making use of this language it seems to us that the court must have contemplated cases presenting difficulties similar in character to those presented by the case at bar where, from the very nature of things, it would be impossible to determine with accuracy the income and expenses of the deceased." In *Burns* v. *Brightman*, 44 R. I. 316, where the question as to the right of the statutory beneficiaries to recover for the loss to the estate of a married woman having no income from earnings was considered, the court said: "The mere fact that the person for whose death the action

is brought was not at the time of death actually engaged in accumulating property or earning an income does not bar the right of recovery." In *Dimitri v. Cienci & Son,* 41 R. I. 393, and in *Gill v. Laquerre,* 51 R. I. 158, it was held that the fact that decedents were minors, and consequently had no earning capacity, was not a bar to recovery.

In the instant case there was some evidence both of earning capacity and expenses of the decedent. The evidence with respect to this phase of the case should have been more specific. There appears to have been no reason why testimony could not have been offered as to the value of work and services which the decedent was performing before his death and the evidence as to his expenses could have been more specific; but, as there was some evidence on which a verdict could rest, it was error to direct a verdict for the defendant on the ground that there was no evidence of loss to the estate of the deceased. The plaintiff's exception to the decision of the trial justice in granting defendant's motion that a verdict be directed in his favor is sustained.

While the plaintiff's exceptions were pending in this court the plaintiff died and her son, John H. Walsh, was appointed administrator of her estate. By permission of this court he filed here a motion to be made party plaintiff in her place and stead. The defendant moved to dismiss and these motions were heard with the plaintiff's exceptions. The defendant bases his motion to dismiss on the ground that there is no survival of right of action in a plaintiff for death by wrongful act.

Said Section 14 of Chapter 333 provides two modes of procedure to recover for death by wrongful act: an action may be brought by the executor or administrator of the deceased; or if there be no executor or administrator, or there being one no action is brought in his name within six months after the death, then an action may be brought in the names of all the beneficiaries, either by all or by part for the benefit of all. In bringing suit in her own name for the benefit of all the beneficiaries, Maria Walsh was acting in a fiduciary

capacity. If the suit had been brought by the executor or administrator of the deceased, it would hardly be contended that the action abated by reason of death of the administrator. Yet this proposition would be just as reasonable as the contention of the defendant that the action abated by reason of the death of the plaintiff in the present action.

The defendant further urges that, if the action does not abate as to the other beneficiaries, the statute is too indefinite to meet the situation here presented in that it provides no method of apportioning any judgment that may be obtained. This contention is based on the theory that the children are not entitled to participate in the widow's share which abates with her death and for this reason one half of the verdict would have to be declared invalid and this the statute does not give the court authority to do. If the right to one half of the amount that might be recovered vested absolutely and exclusively in the widow on the death of her husband and this right does not survive her death, there would be merit in this contention. The action for death by wrongful act is purely of statutory origin. As it was unknown to the common law it is considered to be in derogation of the same. In *Carrigan* v. *Cole*, 35 R. I. 162, we held that the action does not survive the death of the wrongdoer and this conclusion was arrived at by strictly construing the statute which makes no provision for recovery from the estate of the wrongdoer. But that the action shall not abate by reason of death of a beneficiary is plainly evident from its express terms which extend the benefit beyond the immediate family of the deceased to his next of kin. The primary purpose of the statute is to provide a remedy for the loss sustained by the death of the person upon whom the beneficiaries were dependent. *Carrigan* v. *Cole, supra.* The amount recovered is not administered as an asset of the deceased's estate but is directly distributed to those designated by the statute. If the right to share in the recovery survives one of the beneficiaries it becomes an asset

of such beneficiary's estate and may inure to the benefit of those not contemplated by the statute.

The statute names in the alternative three classes of beneficiaries: If there is a husband or a widow and children, then one half goes to the husband or widow and one half to the children; if there be no children, the whole amount goes to the husband or wife; if there be no husband or wife, then to the next of kin. In our opinion the class which is to participate in the recovery is closed and the beneficiaries determined not when the death occurs but when judgment is entered. This construction of the statute we think effectuates its purpose which is " . . . to provide for and distribute to the designated relatives of deceased a legal compensation for the loss caused by the wrongdoer." *Burns* v. *Brightman, supra.*

It follows that the right of Maria Walsh to share to the extent of one half in the amount recovered terminated with her death and vested in such of the children who are living when judgment is entered.

In his motion, John H. Walsh stated that Maria Walsh has deceased and that he is the duly appointed administrator of her estate but he does not ask to be made party plaintiff in his representative capacity. As he is a son of the deceased, and therefore a proper party to be made plaintiff, the recital in his motion that he is administrator of the estate of Maria Walsh will be treated as an immaterial allegation. The motion of John H. Walsh to be made party plaintiff in the place and stead of Maria Walsh is granted.

The motion of the defendant to dismiss is denied.

The plaintiff's exception to the decision of the trial justice in granting defendant's motion that a verdict be directed in his favor is sustained and the case is remitted to the Superior Court for a new trial.

*Peter W. McKiernan, John C. Going, Ernest L. Shein, William J. Carlos,* for plaintiff.

*William A. Gunning,* for defendant.