Bessie O'Leary, *Adm'x, vs.* Frank E. Bingham *et ux.*

MARCH 29, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This action of trespass on the case for negligence was brought under the provisions of general laws 1956, chapter 10-7, by an administratrix to recover damages for the death of her intestate alleged to have resulted from the wrongful act of the defendants. The case is here on the plaintiff's exception to the decision of a justice of the superior court overruling her demurrer to the defendants' special plea.

The declaration which is in three counts alleges that plaintiff's intestate died as a result of a fall on a certain common stairway which was hazardous and defective. The defendants filed a special plea alleging in substance that the plaintiff is nominal only; that the decedent was the mother of defendant Mary E. Bingham; that Mary E. Bingham's co-defendant is her husband; that she is the sole heir-at-law of decedent and the only person entitled to the proceeds of any recovery in this action; that she cannot maintain a suit of this character against her husband; that to permit such suit would result in her profiting by her own and her husband's negligent wrong; that if allowed the suit would permit her to recover from her husband in an action of tort; and that the action is contrary to public policy, is disruptive of family relations, and is conducive to collusion.

On the view which we take it is necessary to consider only the first ground of the demurrer, which reads in part as follows: "1. Said plea erroneously states that the defendant Mary E. Bingham is the only person entitled to proceeds of any recovery in this action in as much as (a) The provisions of sections 10-7-1 to 10-7-4 inclusive of the 1956 General Laws of Rhode Island have been interpreted by our Supreme Court to the effect that the beneficiaries are determined as of the date of the judgment and not as of the date of the institution of the action."

In passing on this issue the trial justice stated in his decision:

"The issue here is complicated by an additional factor. Plaintiff cites *Walsh* vs. *Bressette,* 51 R. I. 354 (1931) in which the Supreme Court, at page 348, stated: '* * * In our opinion the class which is to participate in the recovery is closed and the beneficiaries determined not when the death occurs but when judgment is entered. * * *' Plaintiff contends that it may be that the defendant, Mary E. Bingham, may not participate in any recovery at the time of judgment and that therefore the plea is essentially premature.

"The fact is, however, that while in the case at bar the beneficiaries who may share in any recovery are not yet finally determined, the sole beneficiary as of the commencement of the suit and as of the present time is defendant Mary E. Bingham. Insofar as the realities of the present suit are concerned the only person presently interested in any recovery is bringing suit against herself. The allegation that the defendant Mary E. Bingham is the sole beneficiary is a matter of defense which, in the judgment of this Court, should be raised at the earliest possible time. To wait until judgment and then attempt to raise the defense could well be too late.

"The plea raises new matter and ends with a verification. It would seem to this Court that the plea sets up a defense which should remain in the case as long as defendant Mary E. Bingham is the sole beneficiary."

In the above-cited case of *Walsh* v. *Bressette* we held that the right to participate in judgment rendered in a wrongful death action inures only to those persons who are within the classes enumerated in the act and who survive the judgment. It follows, therefore, that until there is a judgment there can be no determination of the ultimate beneficiaries, and to hold in advance that one party or another will be the eventual, sole beneficiary is manifestly conjecture. Therefore the concern which the trial justice evinced for "the realities of the present suit" was misplaced when, as has been shown, it was founded on speculation.

We agree with plaintiff's contention that the status of the parties at the time the action was commenced should

not constitute a defense to the present suit and that the plea is premature. The suit is brought by the plaintiff in her fiduciary capacity for those who may be beneficiaries, and we are of the opinion that the characterization of this suit as one brought by a wife against her husband and herself is erroneous in law.

The defendants' counsel contends that no person taking through Mary E. Bingham can be in any better position than she is. To this we merely say, without discussing the merits of the defenses raised against her, that the right of a beneficiary to participate in the judgment of a wrongful death action is predicated on his relationship to the deceased and not on his capacity to take through any other beneficiary who may have survived the decedent but not the judgment. *Walsh* v. *Bressette, supra.*

The first ground of plaintiff's demurrer further sets forth: "(b) Sections 10-7-5 and 10-7-6 of the 1956 General Laws of Rhode Island specifically state that a recovery under these sections shall be a part of the estate of the decedent." We fail to see the relevancy of this contention. The legislature in enacting these sections which establish separate measures of recovery and provide for distinct methods of distribution clearly established two independent causes of action. We know of no authority which would permit the incorporation of these actions in the same count or counts, since by their very nature they call for separate judgments.

The counts in the declaration are barren of any allegations of medical expenses, loss of earnings prior to death or any of the damages which are the subject of a recovery under §10-7-5. It therefore appears that plaintiff has prosecuted an action only under §10-7-1.

The plaintiff's exception to the overruling of her demurrer is sustained in part, and the case is remitted to the su-

perior court for further proceedings in accordance with this opinion.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiff.

*Carroll & Dwyer, John G. Carroll, Joseph G. Miller,* for defendants.