MICHAEL LUBRANO, Administrator, *vs.* ATLANTIC MILLS.

Under Pub. Stat. R. I. cap. 204, § 8, the actions and causes of action for damages to the person which survive are such only as are for injuries not resulting in death.

In cases in which the death of any person results from an injury to the person the only remedy under the statutes of this State is that provided by Pub. Stat. R. I. cap. 204, § 20, which gives an action for damages for the injury caused by the death of such person where death ensued from an injury inflicted by the wrongful act of another and for which an action for damages might have been maintained at common law had death not ensued.

TRESPASS ON THE CASE. Certified from the Common Pleas Division on demurrer to replication.

*June 25, 1895.* STINESS, J. This action is brought to recover for the pain and expense arising from injuries to the plaintiff's intestate before his death which resulted therefrom. The defendant pleads a judgment in its favor in a suit by the plaintiff in the same cause of action. The plaintiff replies that the former action was brought by him as trustee for the next of kin of the deceased and in a different right from that involved in this action, which is for the benefit of the estate. To this replication the defendant demurs. The question therefore is whether, under our statutes, an administrator

has the right to maintain two actions for negligence resulting in death ; one for the benefit of the widow and next of kin according to our form of Lord Campbell's Act,[1] and another for the damage to the person, under our statute for the survival of actions.[2]

Upon this question two theories have been advanced.   One is that the action for personal injury upon which the deceased could have sued at common law, if death had not ensued, is given by a statute for survival for the benefit of his estate, and that a new and independent remedy is given by Lord Campbell's act for the loss sustained by the widow and children on account of the death.   The other theory is that there is but one cause of action and one remedy, which is given by grace to the family of the deceased, in lieu of the aid which they might have expected from him, instead of a recovery for the benefit of his estate ; and that this remedy is exclusive.   It is to be borne in mind that prior to 1846 no recovery at all could be had for an injury resulting in death. The action died with the person.   Neither creditors nor kin had any enforceable rights, however great might have been the loss which the death had brought upon them.   Then came Lord Campbell's act entitled, "An act for compensating the families of persons killed by accidents."   It was not an act for the benefit of an estate, but for the family.   It took no right from the estate for it had none.   It transferred

---

[1] Pub. Stat. R. I. cap. 204, § 20, as follows :

SEC. 20.   In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of the husband, widow, children or next of kin, in like manner and with like effect as in the preceding five sections provided.

[2] Pub. Stat. R. I. cap. 204, § 8, as follows :

SEC. 8.   In addition to the causes of action and actions which survive, at common law, the death of the plaintiff or defendant therein, the following causes of action and actions shall also survive :

*First.*   Causes of action and actions of waste.

*Second.*   Causes of action and actions of replevin and trover.

*Third.*   Causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate.

no right to the family, for none then existed. It gave a new remedy to the family for the *death* and for that only. From that time to this the damages to be recovered by them have been only those resulting from the *death.* The States of this country quickly adopted the general features of this act, beginning with New York in 1847. With characteristic conservatism the act was not adopted in this State until October, 1853. In section 1, it gave the remedy to an administrator for the benefit of the widow and heirs for the loss of life of a passenger or person in case of a common carrier; but, in section 6, for general cases of death by wrongful act, it was provided that the action could be sustained "by the person who would otherwise have been entitled thereto," for example, parents and masters for loss of service. In January, 1855, railroad companies were made liable for the loss of life, by their negligence, of persons crossing a highway, and the same remedy for the benefit of the family was provided, except that in this act husbands were put among the beneficiaries. Up to this point it is clear that no remedy was provided for the personal injury of the deceased or for the benefit of his estate. In the Revised Statutes of 1857, cap. 176, §§ 16 to 21, the laws relating to passengers and persons crossing a highway were consolidated and that relating to general cases of death by wrongful act was expanded to cover all cases in which an action for damages might have been maintained at the common law had death not ensued; with the remedy, however, for the benefit of the family. But in the same chapter, § 10, there was added to the causes of action and actions which survive that of "trespass on the case for damages to the person." It is under this section that the plaintiff claims. In support of his claim he relies on *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.,* L. R. 10 C. P. 189; *Leggott* v. *Great Northern Ry. Co.,* L. R. 1 Q. B. Div. 599; *Barnett* v. *Lucas,* 6 Irish C. L. 247; *Bowes* v. *Boston,* 155 Mass. 344, and *Needham* v. *Grand Trunk Ry. Co.,* 38 Vt. 294.

The opinion in *Bowes* v. *Boston,* is based on the statutes of Massachusetts, and holds that two actions, one for the

benefit of the family and one for the benefit of the estate, may proceed at the same time, on independent grounds and for different purposes. It cites no authority. In *Needham* v. *Grand Trunk Ry. Co.*, the point decided was that the injury to the deceased having occurred in New Hampshire, where no right of action in either form survived, the plaintiff could not maintain action therefor in Vermont. The *dictum* relating to two causes of action has recently been overruled in *Legg* v. *Britton*, 64 Vt. 652. *Barnett* v. *Lucas* was an action for ·injury to personal estate and is therefore not in point. *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.*, was on demurrer to the declaration, which alleged a breach of contract to carry a passenger safely, and it was held that the action could be maintained, notwithstanding the fact that provision for compensation for the death was made by Lord Campbell's act. The case was decided in 1875, and *Leggott* v. *Great Northern Ry. Co.*, decided in 1876, was a case upon a similar contract to which the defendant pleaded a denial of the averments of fact and a recovery by the plaintiff under Lord Campbell's act. The plaintiff replied that the defendant was estopped by the judgment in the former case to deny the facts and to this replication the defendant demurred. The court held that there was no estoppel, because the plaintiff sued in a different right ; and in so deciding followed *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.*, but not without protestation. Mellor, J., said : " With the single exception, so far as I am aware, of the case in the Common Pleas, *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.*, there appears to be no authority that an action will lie by the executor in respect of what is claimed in this action. But as that case has been decided on the very point, I entirely yield to the authority of the decision, so far as to say, that in this Court it cannot be questioned and we must therefore abide by it." In *Pulling* v. *Great Eastern Ry. Co.*, L. R. 9 Q. B. 110, the *Bradshaw* case was further commented upon. Denman, J., said : " None of the authorities go so far as to say that, where the cause of action is in substance an injury to the person, the personal representative

can maintain an action merely because the person so injured incurred in his lifetime some expenditure of money in consequence of the personal injury. The case of *Bradshaw* v. *Lancashire and Yorkshire Ry. Co.*, certainly does not go to that length, because the judgments in that case are expressly based upon the distinction in this respect between actions of contract and actions of tort, and upon the fact that in that case the action was an action of contract." The opinion, Pollock, B., concurring, decided that the plaintiff could not sue for damage to the intestate's person. In view of these comments the support which the *Bradshaw* case gives to the plaintiff turns out to be more apparent than real.

Prior to these cases that of *Read* v. *Great Eastern Ry. Co.*, L. R. 3 Q. B. 555, had been decided in 1868, holding that satisfaction received by the deceased in his lifetime for the injury was a bar to a suit for the death. That case stated the principle upon which the compensatory act is founded. It creates no new cause of action by reason of the death, but gives a new right of recovery in substitution for the right of action which the deceased would have had if he had survived. Upon this principle the new remedy must be exclusive, since otherwise there would be two recoveries for the same cause of action namely, the negligence of the defendant, which is the cause of action on which the deceased would have sued at common law if he had survived. Moreover, the recognized rules of construction lead to the conclusion that the remedy for the death is exclusive. While the act relates to a remedy it is, nevertheless, in derogation of the common law because it gives a right of action where none existed at common law, and so it should be strictly construed. The provisions for survival of actions for damages to the person and for the remedy for the death have been embodied in the same statute in this State since 1857, although the latter was first adopted. The general provision should not be construed to modify the special, since the intention to modify the former statute by giving an additional remedy is not plain and both can stand together; the act for survival embracing damages to the person other than those which result in death. This is the

construction which was given to precisely similar provisions in *Holton* v. *Daly*, 106 Ill. 131, where it was held that the only cause of action was the wrong done, irrespective of consequences, and that a statute of survival subsequently passed, did not give a remedy additional to that of the prior act relating to the death. That case had been commenced by the deceased in his lifetime, but the court held that it could not proceed without amendment alleging and suing for the death. So in *Chicago and Eastern Ill. R. R. Co.* v. *O'Connor*, 119 Ill. 586, it was held that where the plaintiff, pending an action of injuries, dies from some other cause than the injury the action survives and may be prosecuted by his administrator. In *McCarthy* v. *Chicago, etc., R. R. Co.*, 18 Kan. 46, where both provisions, for action for death and for survival of an action for injury to the person, had been embodied in a revision, as in our own statutes, it was held that they must be construed *in pari materia* and that the latter provision applied only to cases where the death did not result from the injury. This decision was followed in *Hulbert* v. *Topeka*, 34 Fed. Rep. 510, but Mr. Justice Brewer, although he had concurred in the opinion as a member of the State court and felt constrained to follow it, expressed a doubt of its correctness. See also *Hurst* v. *Detroit Railway*, 84 Mich. 539 ; *Munro* v. *Pacific Coast Dredging, etc., Co.*, 84 Cal. 515 ; *Hartigan* v. *Southern Pacific Co.*, 86 Cal. 142 ; *Andrews* v. *Hartford & N. H. R. R. Co.*, 34 Conn. 57 ; *Putnam* v. *Southern Pacific Co.*, 21 Oregon, 230.

A further consideration in favor of a single action is the confusion of damages which would result from the maintenance of two actions. Although they might be theoretically separate, a practical separation would be quite impossible. The measure of pain and suffering or estimated damage to one's estate cannot be so definitely marked as to limit liberality of a sympathetic jury.

One more consideration may also be noted. While a court may not be justified in resting a decision upon a common opinion of the bar, yet such an opinion, held and acted upon for a long time, furnishes a strong presumption that a de-

cision in accordance therewith is correct. We think that the common understanding has been that two actions could not be maintained. The memory of the members of this division covering a period of more than thirty years at the bar and on the bench, does not recall an instance where two suits have been brought, and in view of the diligence which has been shown by many attorneys in cases of this kind it is hardly conceivable that the second one would have been omitted if it had been thought that it could be maintained.

Our conclusion is that the defendant's demurrers to the plaintiff's replication must be sustained.

*Willard B. Tanner*, for plaintiffs.

*Raymond G. Mowry*, for defendant.