JOHN MCFADDEN, Admr. *vs.* BERTHA M. RANKIN, Ex.

JUNE 3, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J.   The action is trespass on the case for negligence.  It is brought to recover damages for the death of plaintiff's minor daughter who was run over and killed, May 17, 1923, by an automobile owned and operated by one Austin B. Rankin.  August 9, 1923, Austin B. Rankin died.  September 11, 1923, Bertha M. Rankin qualified as executrix of his estate.  John McFadden, administrator of the estate of his deceased daughter, began this action March 20, 1924.

The defendant demurred to the declaration on the ground, among others, that the declaration failed to set forth a cause of action which survived the death of the said Austin B. Rankin.  The demurrer was sustained in the Superior Court and the case is here on plaintiff's bill of exceptions.  The question is, does an action for damages for the death of a person caused by the wrongful act, neglect or default of another, survive against the personal representative or estate of the wrongdoer?

This action is brought not against the wrongdoer but, after his decease, against the legal representative of his estate.  In *Carrigan* v. *Cole*, 35 R. I. 162, decided in 1913, this court held that an action of trespass on the case brought under the statute (now G. L. 1923, C. 333, s. 14) to recover damages for a death caused by wrongful act, neglect or default, does not survive the death of the wrongdoer; that

our statute, which is derived from Lord Campbell's act, created a new and independent remedy for the beneficiaries named in the statute, whereby they were given the right to maintain an action and recover damages for such death against the person who, or the corporation which, would have been liable if death had not ensued, notwithstanding the death of the person injured; and that the statute being in derogation of the common law should be strictly construed.

Considering the construction of the statute the court, at p. 165, said: "we are unable to discover any intent to confer upon a plaintiff . . . the privilege of pursuing the estate of the wrongdoer through an action commenced, subsequent to his decease, against his administrator. The language of the statute quoted seems to limit the proceeding to 'the person who . . . would have been liable if the death of the plaintiff's intestate had not ensued.' There is no provision indicating or language which might be construed or from which it might be implied that it was the intent of the statute to provide any remedy against the personal representatives or the estate of a deceased wrongdoer."

Plaintiff admits that the *Carrigan* case unless it is overruled is decisive of the present question; also that there is an irreconcilable conflict of authority on the question in different jurisdictions and that the weight of authority is perhaps against his claim; but the argument made is that if the plaintiff's daughter had only suffered an injury not causing her death, the death of Rankin would not preclude a recovery; that it is illogical and unjust to hold, because of her death and the subsequent death of Rankin, that no recovery can now be had against Rankin's estate; and as a change in the law is desirable, either by judicial decision or by statute, the court is now asked to effect such a change by overruling the *Carrigan* case. Assuming that the law at present is incomplete as to remedy and lacking in consistency, relief must be sought from the legislature and not from the courts. The argument is also made that the

*Carrigan* case can be distinguished by construing sections 14 and 7 of C. 333 together. But such construction has already been made. Section 7 provides as follows: "In addition to the causes of action and actions which at common law survive the death of the plaintiff or defendant therein, the following causes of action or actions shall also survive: First: Causes of action and actions of waste. Second: Causes of action and actions of replevin and trover. Third: Causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate."

In *Lubrano* v. *Atlantic Mills*, 19 R. I. 129 (1895), the court, after giving the history of the two statutes above mentioned, held that the actions and causes of action for damages which survive under Sec. 7 are such only as are for injuries not resulting in death; that the statute giving a remedy for the death is in derogation of the common law as, although it relates to a remedy, it gives a right of action where none exists at common law and so it should be strictly construed; that the remedy for the death is exclusive as thereby a new right of recovery was given in substitution for the right of action which the person injured would have had if he had survived, the basis of each action being the same, namely, the negligence of the wrongdoer. From the fact that the legislature has since these cases were decided made no change in the statutes referred to, it is reasonable to infer that the construction of the statutes was in accordance with the legislative intent. We find no adequate reason at this time for changing the long established construction of these two statutes.

As the cause of action did not survive, the exceptions of plaintiff are overruled and the case is remitted to the Superior Court for further proceedings.

*Fitzgerald & Higgins, William H. Camfield,* for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips, Abbott Phillips, Clifford A. Kingsley,* for defendant.