PICKLES v. F. LEYLAND & CO., Limited, et al.

(District Court, D. Massachusetts. December 29, 1925.)

No. 2625.

1. Admiralty ⟨⊚⟩21—Recovery for death dependent on statute.

In the absence of statute, there can be no recovery in admiralty for death.

2. Admiralty ⟨⊚⟩21—Massachusetts statute inapplicable, where injury on high seas.

The Massachusetts wrongful death statute does not apply to death on land from injury on high seas.

3. Death ⟨⊚⟩38—Under Lord Campbell's Act, year for bringing action.

Under Lord Campbell's Act, action for death must be brought within a year.

4. Admiralty ⟨⊚⟩34—Right of action given by federal statute arises at moment of death.

The right of action given by Act March 30, 1920 (Comp. St. Ann. Supp. 1923, § 1251½ et seq.), arises at the moment when death takes place.

5. Admiralty ⟨⊚⟩51—No survival of deceased's right, but only of action begun.

Under Act March 30, 1920, § 5 (Comp. St. Ann. Supp. 1923, § 1251½d), there is no survival of deceased's right of action for injury, but only of action therefore begun by him.

6. Admiralty ⟨⊚⟩21—No jurisdiction for death on land.

Admiralty is without jurisdiction in case of death on land, though from injury on high seas; cause of action arising on land.

In Admiralty. Libel by Mary Ann Pickles against F. Leyland & Co., Limited, and another. Libel dismissed.

Walter A. Dane, of Boston, Mass., for libelant.

Stephen R. Jones, of Boston, Mass. (Blodgett, Jones, Burnham & Bingham, of Boston, Mass., on the brief), for respondent F. Leyland & Co., Limited.

Thomas Hunt, of Boston, Mass., for respondent Armour & Co.

William T. Snow, of Boston, Mass. (Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., on the brief), for respondent Armour & Co.

LOWELL, District Judge. This was a libel brought by the widow of a man employed as a cattle tender on the steamship Winifredian, a British ship. While helping to hoist bales of hay, he fell into the hold, receiving injuries from which he died some hours later. The accident happened on the high seas, eight miles east of Boston Lightship. The deceased was carried back to Boston, and died on shore. The suit was not brought by the personal representative of the deceased, as required by the act of Congress hereinafter referred to. It is specifically alleged in the libel that no administrator had been appointed, but this point was not taken at the trial.

The libelant seeks to recover either from Armour & Co., by whom it is alleged that the deceased was employed, or from Leyland & Co., the owners of the Winifredian.

[1] It is contended that there can be no recovery in this case, as the death occurred on land, and this court has no jurisdiction. The Plymouth, 3 Wall. 20, 18 L. Ed. 125. The contention is sound, unless the cause of action arose at the time of the accident. In the absence of a statute, there is no recovery in the admiralty courts of the United States for death on the high seas. Western Fuel Co. v. Garcia, 257 U. S. 233, 42 S. Ct. 89, 66 L. Ed. 210, and cases cited; The Devona (D. C.) 1 F.(2d) 482.

[2] There are three statutes which might be applicable to the case at bar—the statute of Massachusetts, Lord Campbell's Act, and the Act of Congress of March 30, 1920. The Massachusetts statute does not cover this case. The Sagamore, 247 F. 743, 159 C. C. A. 601.

[3] Lord Campbell's Act might perhaps apply. See Rainey v. N. Y. & Pac. S. S. Co., 216 F. 449, 132 C. C. A. 509, L. R. A. 1916A, 1149. But the suit was not brought within one year, as required by that act. St. 9 & 10 Vict. c. 93, § 3.

[4] The Act of Congress of March 30, 1920, c. 111, 41 Stat. 537 (U. S. Comp. St. Ann. Supp. 1923, § 1251½ et seq.), gives a right of action which arises at the moment when death takes place. Hughes, Death Actions in Admiralty, 31 Yale Law Journal, p. 115 et seq., at page 120.

[5] There is no survival of a right belonging to the deceased, as there is under some statutes. Mich. Cent. R. Co. v. Vreeland, 227 U. S. 59, 67, 33 S. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Carolina Ry. v. Shewalter, 128 Tenn. 363, 161 S. W. 1136, L. R. A. 1916C, 964, Ann. Cas. 1915C, 605. It is true that under section 5 of the act (U. S. Comp. St. Ann. Supp. 1923, § 1251½d) a suit survives which is brought by an injured person who dies after its commencement. This survival, however, is not that of a cause of action, but of an action actually begun.

[6] The cause of action in this case arose on land, and this court is without jurisdiction. Ryley v. Phila. & Reading R. R. (D. C.) 173 F. 839; The Kaian Maru (D. C.) 2 F.(2d) 121. As to Hamburg-American Packet Co. v. Gye, 207 F. 247, 124 C. C. A. 517, and The Anglo-Patagonian, 235 F. 92, 148 C. C. A. 586, see Hughes, Admiralty (2d Ed.) p. 236.

Libel dismissed.