ALICE SLAVIN *vs.* HELLENIC BAKING COMPANY.

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This is an action of trespass on the case to recover damages for injuries to the person. In the

Superior Court a jury returned a verdict for the plaintiff. The defendant seasonably filed a motion for new trial but before the same was heard plaintiff died. Her administratrix moved for permission to prosecute the case to final judgment and her motion was granted over defendant's objection. Thereafter the trial justice denied the defenant's motion for a new trial and the case is now before us on the defendant's exception to the granting of the motion permitting the administratrix to prosecute to final judgment and on numerous other exceptions going to the merits of the case.

Alice Slavin, on December 23, 1925, while returning from work, fell on the sidewalk adjoining the premises of the defendant. It was contended that the sidewalk where she fell was in a dangerous condition due to the fault of the defendant in allowing water to be discharged from a drainpipe onto the sidewalk where it froze, thus creating the dangerous condition complained of.

Suit was commenced January 20, 1926, and the verdict was rendered December 7, 1927. On December 30, 1927, Alice Slavin died. She was not able to be present at the trial, so her testimony was taken by deposition.

It was shown at the trial that Alice Slavin before the accident was a strong, healthy woman, about thirty-two years of age, who worked steadily in a manufacturing plant where she had worked for seventeen years before the accident; that she suffered a broken leg and an injury to the spine, and was never able to work again. Medical testimony was presented to the effect that she was suffering from an organic disease of the spine as a result of the accident. The cause of her death was given as multiple slerosis of the spinal cord. At the hearing of the motion of the administratrix for leave to prosecute to final judgment, counsel for defendant objected on the ground that there should be proof offered that the action survived; in other words, that the death of Alice Slavin was not caused by the wrongful act of the defendant. The court ruled in effect

that the action survived and it was therefore not necessary for the administratrix to offer any evidence. Thereupon counsel for defendant offered to call doctors, who testified for the plaintiff at the trial, for the purpose of proving by them that Alice Slavin died as a result of injuries sustained in the accident, but the court refused to hear them, saying: "I will admit for your purposes that every one of them will say the injuries she sustained in this accident did cause her death—were the proximate cause of her death." Therefore, on the record before us, it must be taken as an established fact that Alice Slavin died as a result of injuries sustained in an accident alleged to be due to the negligence of defendant. This brings the case within the rule laid down in *Lubrano* v. *Atlantic Mills*, 19 R. I. 129, and to sustain the right of the administratrix to prosecute to final judgment we must overrule or modify that case.

The perplexing questions that have arisen in construing the statute giving a right of action for death by wrongful act and the subsequent statute providing for survival of actions for personal injuries are fully discussed in their historical setting in *Lubrano* v. *Atlantic Mills*, *supra*, and therefore need not be reviewed here.

It is vigorously urged by counsel for administratrix that the circumstances in the instant case call for a departure from the rule laid down in the *Lubrano* case. It is true that a verdict was rendered while Alice Slavin was living and, if the defendant had not filed a motion for a new trial, that judgment would have followed the verdict before her death, as she lived twenty-three days after the rendition of the verdict; but the defendant was strictly within its rights in asking for a new trial, so that on the death of Alice Slavin the right that passed to her administratrix was still in tort. The circumstances in this case are unusual but they fall within the rule laid down in the *Lubrano* case, where the court said: "The provisions for survival of actions for damages to the person and for the remedy for the death have been embodied in the same statute in this State since

1857, although the latter was first adopted. The general provision should not be construed to modify the special, since the intention to modify the former statute by giving an additional remedy is not plain and both can stand together; the act for survival embracing damages to the person other than those which result in death." That case was decided in 1895 and for thirty-four years has been the unquestioned law in this State relating to this subject, and we are not disposed to disturb it even when confronted with a case like the present which calls for an extreme application of the principles expressed therein. It is further urged that the *Lubrano* case does not control for the reason that all that was necessary there to be decided was that there was but one action and therefore the rest of the opinion is *obiter dictum*. The *ratio decidendi* of that case is that where death results by reason of a wrongful act the remedy is an action for the benefit of the next of kin and that this remedy is exclusive. To have decided simply that there was only one cause of action would have left the decision open to the implication that *Lubrano* could have elected as to whether he should proceed under the statute for death by wrongful act or proceed under the provision for survival of action for personal injuries. This the court expressly said he could not do. We are of the opinion that the *Lubrano* case controls and that the motion of the administratrix for leave to prosecute to final judgment should have been denied.

It is therefore unnecessary to consider the defendant's other exceptions.

The exception of the defendant to the granting of the motion of the administratrix for leave to prosecute to final judgment is sustained. Case remitted to the Superior Court for further proceedings.

*Walling & Walling,* for plaintiff.
*McGovern & Slattery,* for defendant.