FLORA C. TILLINGHAST *vs.* ERNEST REED.

JULY 6, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

260

FLYNN, C. J. This case is before us upon a certification in accordance with general laws 1938, chapter 545, §6. The question of law presented was raised in an action, brought under G. L. 1938, chap. 477, to recover damages for the death of plaintiff's son because of the wrongful act of another.

The amended declaration is in one count and alleges, in substance, that plaintiff is the mother and sole heir and next of kin of Guy A. Tillinghast, who died April 18, 1941 as the result of injuries caused by the negligence of the defendant; that she brought her action in trespass by virtue of G. L. 1938, chap. 477; and that "for a period of more than one year between the said date of April 18, 1941 and the date of the issuance of said writ in this cause, to wit November 9, 1943, the exact length of time of which is unknown to your plaintiff, the said defendant was without the boundaries of the United States of America and was immune from service." To this declaration the defendant filed a demurrer reciting eight separate grounds thereof, the most important of which is that it appears in and by the writ and amended declaration in said cause that at the time of the commencement of said action the alleged cause of action had expired.

The trial justice, upon motion of defendant, and with the approval of the presiding justice of the superior court, certified to this court, in accordance with the statute, the following question of law: "Under the provisions of Chapter 477, General Laws of Rhode Island, Revision of 1938, may

an action be maintained where the death occurred April 18, 1941, suit was started November 9, 1943, and for a period of more than one year, to wit, from October 5, 1941 to March 27, 1943, said defendant was without the boundaries of the United States of America?"

It does not appear in the record where the dates covering the defendant's alleged absence from the United States, as set forth in the certified question, were obtained. Neither the amended declaration nor the demurrer included them. It is assumed, however, that they were supplied by agreement of the parties upon the basis of known facts and were treated, in effect, as an amendment to the declaration. Hence, we shall consider the question as if such facts had been alleged in the plaintiff's amended declaration.

The answer to the certified question depends on a construction of G. L. 1938, chap. 477, §1, entitled "Death By Wrongful Act, Neglect Or Default." The pertinent part thereof reads as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect of default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages . . . . Every such action shall be brought by and in the name of the executor or administrator of such deceased person . . . and the amount recovered in every such action . . . shall go . . . to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate: *Provided,* that every such action shall be commenced within 2 years after the death of such person."

More particularly the real question involved here is whether the statutory requirements *"Provided,* that every such action shall be commenced within 2 years after the death of such person" is a condition imposed upon the right

of action itself or a mere limitation affecting only the remedy, as in an ordinary statute of limitations.

The origin, history and nature of the statute have been previously discussed and need not be repeated in detail. *Carpenter* v. *Rhode Island Co.*, 36 R. I. 395; *Carrigan* v. *Cole,* 35 R. I. 162; *McCabe* v. *Narragansett Electric Lighting Co.*, 27 R. I. 272. The statute unquestionably created an entirely new right of action that did not exist at common law prior to the enactment of the so-called Lord Campbell's Act. In creating such new right of action the legislature provided for only one action to recover for the death of a person resulting from the wrongful act of another and also specified in the same paragraph that every such action must be brought for the benefit of certain named persons, *provided* that such action shall be commenced within two years after the death of such person.

Ordinarily words in a statute are to be given their usual meaning unless it appears from the context or otherwise in the statute that the legislature intended to use them in a different sense. *Blais* v. *Franklin,* 31 R. I. 95. According to Webster's New International Dictionary (2d ed.) page 1994, the word "provided," when used in a legislative enactment, usually means "on condition; with the stipulation; with the understanding; if." Grammatically the proviso, as to time within which action must be brought, qualifies "every such action" and "every such action" refers back to the one which the statute thereby created. If the paragraph is read by substituting for the word "provided" its usual meaning, "on condition that", the time limitation clearly appears to be a condition of the right of action therein created. By such a reading the statute does not become repugnant or contradictory; nor does it provide an absurd result or deviate from the purpose of the statute. In other words, it conforms to settled rules of construction. *Blais* v. *Franklin, supra.*

It may be observed also that the legislature in the first part of the paragraph expressly provided for certain excep-

tions, in connection with the person or persons who might bring the action, by providing that in specified circumstances any beneficiary could bring an action for the benefit of all; but no comparable provision for any exception, expressed or implied, was made within the proviso limiting the commencement of such action to the specified time of two years.

Where a statute creates an entirely new right of action that did not exist at common law and expressly attaches thereto, without any exception, a proviso that the action shall be brought within a specified time, such proviso ordinarily will be construed as a condition imposed upon the created right of action and not merely as a statute of limitations affecting the remedy only. See *Menna* v. *Mathewson,* 48 R. I. 310, 312. This interpretation is consistent with both the grammatical construction of the language and the usual meaning of the words appearing in §1 of the statute in question. Moreover, such construction is in accord with the great weight of authority and precedent in other jurisdictions under such statutes where similar time limitations are generally held to be a condition or limitation of the created right itself and not merely a limitation affecting the remedy only. A collection of these cases will be found in 67 A. L. R. 1070; 107 A. L. R. 1048; 132 A. L. R. 292.

The plaintiff, however, in support of her contention that the provision in question affects only the remedy and should be considered for all purposes as an ordinary statute of limitations, has cited the cases of *Wall* v. *Chesapeake & Ohio R. R. Co.,* 200 Ill. 66; *Heimberger* v. *Elliot Switch Co.,* 245 Ill. 448; *Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101. The two Illinois cases and other early cases in that jurisdiction support the plaintiff's contention. But it should be observed that they represent not only a minority view but also that such view has apparently been abandoned in the more recent cases in that jurisdiction. These later cases expressly interpret such a statutory provision in accordance with the great weight of authority elsewhere in this coun-

try. See *Carlin* v. *Peerless Gas Light Co.*, 283 Ill. 142; *Goldstein* v. *Chicago City Ry. Co.*, 286 Ill. 297; *Hartray* v. *Chicago Rys. Co.*, 290 Ill. 85.

In connection with the *Sharrow* case, *supra*, relied on by the plaintiff, it is to be noted therein that originally the New York statute, like ours, contained a proviso that such an action shall be brought within a specified time and that this proviso was held to be a limitation upon the right itself and not merely upon the remedy. However, the statute was later amended in language which omitted the words *"provided that"* and this change was interpreted by the court as disclosing a legislative intent to broaden that provision of the statute. Such a change was further shown by the placing of that provision in the part of the civil code of procedure dealing with ordinary statutes of limitation. In order to give effect to what were considered to be material changes, the New York court concluded that the legislature intended thereby to transfer such limitation from the right and to attach it to the remedy only, as in the case of usual statutes of limitations.

Other decisions can be found under statutes where similar legislative amendments have been made, or where provision for certain exceptions appear as in a statute of limitations, or where the original provisions appear in different language. However, the general weight of authority and precedent under similar statutes supports the construction that such a specific proviso, as to the time within which the created right of action shall be commenced, is a condition imposed upon the newly created right of action itself. We have found no language in our statute or in the cases thereunder which discloses any legislative intent to make this period of limitation apply only to the remedy. Under all these circumstances we are of the opinion that the proviso in our statute is to be considered as a condition or limitation imposed upon the right of action itself.

The plaintiff's other contentions, concering the defendant's alleged absence from the jurisdiction and concerning

the propriety of raising by demurrer the question as to the proviso, depend upon the plaintiff's assumption that the statutory limitation in question affected only the remedy. In view of our interpretation of the statute, which provides for no exception as to the time within which the action shall be commenced, the defendant's absence as stated would constitute no valid objection here; and since the proviso in question imposed a condition upon the right of action itself, that matter could be raised by demurrer.

Our answer to the certified question is that the plaintiff, upon the writ and declaration as set forth, may not maintain this action by virtue of G. L. 1938, chap. 477, §1.

The papers in the case, with our decision certified thereon, are ordered to be sent back to the superior court for further proceedings.

*Henry E. Crowe, Thomas Hetherington,* for plaintiff.
*Harlow & Boudreau,* for defendant.