**DECKER et al. v. MOORE–McCORMACK LINES, Inc.**

**SCHLUTER v. MOORE–McCORMACK LINES, Inc.**

Nos. 50–9, 50–28.

United States District Court,
D. Massachusetts.

June 30, 1950.

Isadore E. Paretsky, Boston, Mass., for libellant Schluter.

John O. Parker, Ely, Bartlett, Thompson & Brown, Boston, Mass., for libellant Decker and others.

· Thomas H. Walsh, Boston, Mass., for respondent.

SWEENEY, Chief Judge.

█ The actions in each case are identical since the point raised is the right of the libellants to recover under their second counts. The actions are brought *in personam* and the libellee is alleged to be a foreign corporation; hence, the Massachusetts survival statute, General Laws (Ter. Ed.), c. 228, sec. 1, is inapplicable. The actions involve the death of the libellants' decedents on the high seas resulting from a collision between The Corinthian, on which these men were working, and The Mormacfir. Each of the actions in the first count is properly brought under the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq.

█ The second counts present a claim for conscious suffering between the time of injury and the ensuing death. The maritime law of the United States does not provide for the survival of personal rights of action in tort. Crapo v. Allen, D.Mass.1849, 6 Fed.Cas. page 763, No. 3,360; International Nav. Co. v. Lindstrom, 2 Cir., 123 F. 475; Deslions v. La Compagnie Generale Transatlantique, 210 U.S. 95, 137, 28 S.Ct. 664, 52 L.Ed. 973, 993; The Middlesex, D.C., 253 F. 142; Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; United States Shipping Board Emergency F. Corp. v. Greenwald, 2 Cir., 16 F.2d 948; Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; State to use of Maines v. A/S Nye Kristianborg, D.C., 84 F.Supp. 775. If reduced to an action at law before death occurs, then such action might survive. See Pickles v. F. Leyland & Co., D.C., 10 F.2d 371.

The Death on the High Seas Act, 46 U.S.C.A., § 761 et seq., on which the libellants rely, certainly does not provide such a right. It is to be noted that the statute gives a right of action, not to the deceased person but for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative. The action is to be brought by the personal representative of the deceased but is for the benefit of the persons named with an apportionment by the Court under Section 762.

The exceptions to the second counts of each of these libels are sustained and they are stricken from the records.