**Harriet A. LOPEZ, Administratrix of the Estate of John A. Lopez**

v.

**PAN ATLANTIC CIA NAVIERA AND SEABOARD SHIPPING COMPANY, Ltd.**

**Civ. A. No. 2876.**

United States District Court
D. Rhode Island.

March 16, 1965.

Nathan Greenberg, Boston, Mass., Joseph C. Johnston, Jr., Providence, R. I., for plaintiff.

Leo F. Glynn, of Glynn & Dempsey, Boston, Mass., Timothy J. McCarthy, Providence, R. I., for defendant.

DAY, District Judge.

This action arises out of the death of one John A. Lopez, who died on August 25, 1961 as the result of injuries sustained by him on that date while employed as a longshoreman in discharging the cargo of the vessel North Queen in navigable waters within the State of Rhode Island.

The plaintiff, as administratrix of the estate of said decedent, in her complaint seeks in Counts I and III to recover damages against each of the above named defendants for the death of the decedent under the provisions of Sections 10–7–1 et seq. of Chapter 7 of the General Laws of Rhode Island, Revision of 1956, entitled "Death By Wrongful Act". In Counts II and III, she seeks damages under the general maritime law for conscious plain and suffering endured by the decedent prior to his death.

It appears that the defendant Seaboard Shipping Company has never answered plaintiff's complaint. After the matter was reached for trial, the plaintiff and the defendant by their respective counsel, with my approval, executed and filed the following stipulation:

### "STIPULATION"

It is hereby stipulated between the parties that:

1. The plaintiff recover the sum of $5,000 without interest.

2. The alleged claim for the plaintiff's right of recovery for conscious pain and suffering shall be submitted with briefs for ruling by the Court as a matter of law. If the Court rules that plaintiff is entitled to recovery for conscious pain and suffering, the plaintiff will be awarded the sum of $3,750, without interest, or a total of both claims of $8,750.

■ The sole issue before me is whether any action for damages for conscious pain and suffering which the decedent might have maintained had he lived is maintainable after his death by the plaintiff as the administratrix of his estate. It is well settled that a decedent's claim for conscious pain and suffering, based upon the general maritime law, is not maintainable by his personal representative after his death in the absence of a statute continuing or giving it to such representative. Cortes v. Baltimore Insular Line, Inc., 1932, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; Lindgren v. United States, 1929, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; McLaughlin v. Blidberg Rothchild Company, Inc., 1958, D.C. N.Y., 167 F.Supp. 714; Decker et al. v. Moore-McCormack Lines, 1950, D.C. Mass., 91 F.Supp. 560. No such statutory authority has been brought to my attention. I am satisfied none in fact exists.

■ Additionally, it is abundantly clear that there can be no recovery for the conscious pain and suffering of the decedent in an action under said Rhode Island statute which creates a cause of action for death by wrongful act. Gonyer v. Russell, 1958, D.C.R.I., 160 F.Supp. 537; Slavin v. Hellenic Baking Company, 1929, 50 R.I. 217, 146 A. 488; McCabe v. Narragansett Electric Lighting Co., 1904, 26 R.I. 427, 59 A. 112; Lubrano v. Atlantic Mills, 1895, 19 R.I. 129, 32 A. 205, 34 L.R.A. 797. Section 10–7–7, General Laws of Rhode Island, Revision of 1956.

It is my considered judgment that the decedent's claim for damages for conscious pain and suffering did not survive his death and that the plaintiff in her capacity as administratrix of his estate may not recover damages therefor, either under the general maritime law or under the provisions of said Rhode Island statute.

Accordingly, judgment will be entered in favor of the plaintiff against said defendant, Pan Atlantic Cia Naviera, in the sum of $5,000, without interest, as stipulated.