374 A.2d 787.

CORINA SHORT *et al. vs.* JOSEPH C. FLYNN *et al.*

JUNE 21, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This civil action was filed in the Superior Court on June 10, 1975. The complaint alleges that Corina

Culbert died on May 9, 1968 as the result of the negligent medical treatment that she had received 3 days earlier at the emergency room of a local hospital from the defendants—Joseph C. Flynn, a physician, and Stanis Lawson, a nurse. Three of the plaintiffs are decedent's minor children suing through and in the name of George A. Culbert as their father and next friend. A fourth child, Corina Short, attained her majority in January 1974 and was then appointed administratrix of her mother's estate. Following that appointment, she was joined as a party plaintiff in her capacity as administratrix.

The complaint is in two counts and sets out in detail the negligent acts that allegedly resulted in Mrs. Culbert's death. The plaintiffs seek damages for wrongful death and also for medical expenses, pain and suffering and diminished earning capacity sustained by the decedent during the period between the alleged negligence and her death. The defendants moved to dismiss on the ground that both counts of the action were barred by the applicable limitations period; the motions were granted and plaintiffs appealed.

We begin with the general principles that a civil action for wrongful death was not recognized at common law, that our Wrongful Death Act[1] created an entirely new right of action and that such an action cannot now be maintained except to the extent and in the manner provided in that Act. *National India Rubber Co.* v. *Kilroe,* 54 R.I. 333, 335, 173 A. 86, 87 (1934); *McFadden* v. *Rankin,* 46 R.I. 475, 475-76, 129 A. 267, 268 (1925); *Carrigan* v. *Cole,* 35 R.I. 162, 165, 85 A. 934, 935 (1913); *see Slavin*

---

[1] General Laws 1956 (1969 Reenactment) ch. 7 of title 10. For an extensive discussion of the origins and history of our wrongful death statute, see *Carpenter* v. *Rhode Island Co.,* 36 R.I. 395, 397-400, 90 A. 768, 770-71 (1914).

v. *Hellenic Baking Co.*, 50 R.I. 217, 219-20, 146 A. 488, 489 (1929).

With those principles in mind, we held in *Tillinghast v. Reed*, 70 R.I. 259, 38 A.2d 782 (1944), that the precursor to what is now G.L. 1956 (1969 Reenactment) §10-7-2,[2] requiring that every wrongful death action shall be commenced within 2 years after the death of the deceased person, should be construed "as a condition imposed upon the created right of action and not merely as a statute of limitations affecting the remedy only," *id.* at 263, 38 A.2d at 783; that "no exception as to the time within which the action shall be commenced" is permitted, *id.* at 265, 38 A.2d at 784; and that the general provision tolling the running of the limitations period during the time a defendant is without the limits of the state, now §9-1-18, does not prevent the extinguishment of an action for wrongful death that is not commenced within 2 years of the decedent's death.

Conceding that *Tillinghast*, if followed, is a substantial obstacle to their position, plaintiffs nonetheless argue that if we comply with the *Tillinghast* directive in this case and apply the 2-year proviso of §10-7-2 "without exception," it will result in an injustice to minors who are unable either to fend for themselves or to safeguard their own

---

[2]General Laws 1956 (1969 Reenactment) §10-7-2 reads in pertinent part as follows:

"Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, and the amount recovered in every such action shall one-half (½) thereof go to the husband or widow, and one-half (½) thereof to the children of the deceased, and if there be no children the whole shall go to the husband or widow, and, if there be no husband or widow, to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. *Provided, that every such action shall be commenced within two (2) years after the death of such person * * *.*" (Emphasis added.)

rights. To avoid that result, plaintiffs urge that we abandon the rule in *Tillinghast* and instead follow *Gaudette* v. *Webb,* 362 Mass. 60, 284 N.E.2d 222 (1972). In *Gaudette,* notwithstanding earlier Massachusetts decisions that, like *Tillinghast,* treated the limitations period as bearing on the right rather than the remedy, the Supreme Judicial Court of Massachusetts permitted a widow, suing in her capacity as administratrix of her husband's estate, to maintain a wrongful death action on behalf of her minor children—but not on her own behalf—though the time fixed by the wrongful death statute for the bringing of that action had expired.

We are not persuaded by the Massachusetts court's resort to the device of creating a common law right of action as a means of supplying a remedy for otherwise remediless minors. Perhaps we would be of a different opinion if the right to sue civilly for wrongful death were judicial in origin. Were that so, we would not be reluctant to say that an alteration of that judicially established right would be the court's business. *Henry* v. *John W. Eshelman & Sons,* 99 R.I. 518, 527, 209 A.2d 46, 51 (1965) (Joslin, J., concurring). That right, however, was created by the Legislature rather than by the courts, and we are therefore loath to overturn a construction of the statute which the Legislature has for so long allowed to stand without change. *See Eastern Scrap Serv., Inc.* v. *Harty,* 115 R.I. 260, 262, 341 A.2d 718, 719 (1975); *Woonsocket Hosp.* v. *Lagace,* 113 R.I. 95, 102, 318 A.2d 472, 477 (1974); *Mercurio* v. *Fascitelli,* 107 R.I. 511, 516, 268 A.2d 427, 430 (1970); *McFadden* v. *Rankin, supra* at 477, 129 A. at 268 (refusing to change long-standing construction of wrongful death statute). Faced with the same issue, the Arizona Court of Appeals conceded that the existing statutory scheme posed a hardship for minors, but nonetheless held that "any deficiencies must be left to the

legislature for correction." *Gomez* v. *Leverton*, 19 Ariz. App. 604, 606, 509 P.2d 735, 737 (1973). We find no reason to hold otherwise.

In further support of their argument that the running of the period of limitations should be tolled during their minority, plaintiffs rely on a line of cases of which *Cross* v. *Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 388 P.2d 353, 36 Cal. Rptr. 321 (1964), is perhaps the most frequently cited. Those cases are clearly distinguishable because they deal with limitation periods that are contained, not in a proviso in the enactment creating the right, as in this state, but in the chapters setting forth the time limitations within which actions generally may be commenced.

In sum, plaintiffs have not convinced us that the *Tillinghast* court erred when it construed the wrongful death statute as permitting "no exception" to the 2-year limitation, or that we should revise that construction so that the minor plaintiffs will not be barred from recovering for the wrongful death of their mother by reason of the failure of a responsible adult to take action at the proper time.[3]

There remains the question of plaintiffs' claim for medical expenses, pain and suffering and dimunition of earning power sustained by their mother during the interval between defendants' alleged negligence and her death. The plaintiffs, citing *O'Leary* v. *Bingham,* 90 R.I. 441, 159 A.2d 619 (1960), contend that this is an independent claim for personal injuries requiring a separate judgment.

The defendants challenge that contention initially on the ground that, though the claim may be for personal

---

[3]Those charged with the protection of the interests of these minors could either (1) have been timely in seeking the appointment of an administrator, who in turn could have commenced suit; or (2) have commenced a beneficiary's action on the minors' behalf in the event no suit was brought by an administrator with 6 months after the death. See G.L. 1956 (1969 Reenactment) §§10-7-2 and 10-7-3, neither of which differs form the statutes in effect at the relevant times.

injuries sustained during the decedent's lifetime, it nonetheless is a wrongful death action because death occurred as a result of defendants' alleged negligence; hence, they say, this claim is also barred by the 2-year proviso of §10-7-2 (see note 2 *supra*). As an alternative ground they argue that the claim, if it be assumed to have survived the decedent, is barred by §§9-1-14[4] and 9-1-21,[5] the relevant general statutes of limitations.

Assuming arguendo that Corina Culbert had a claim that survived her as an action separate and distinct from that for her wrongful death, that claim passed under §9-1-21 (see note 5 *supra*) to her estate and not to her children. The provision of §9-1-19[6] that tolls the statute during minority is therefore inapplicable, for it would become operative only if the cause of action had accrued to

---

[4]General Laws 1956 (1969 Reenactment) §9-1-14, as it read at the time of the alleged negligence, provided in pertinent part:
> "Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

The time limit has since been extended to 3 years. P.L. 1971, ch. 200, §1 (codified at §9-1-14).

[5]General Laws 1956 (1969 Reenactment) §9-1-21 read as follows:
> "Effect of death of party on statute of limitations.—If any person, for or against whom any of such causes of action shall accrue, shall die before the time limited for bringing action, or within sixty (60) days after the expiration of said time, and the cause of such action shall survive, such action may be commenced by or against the executor or administrator of the deceased person, as the case may be, at any time within one (1) year after the decease of the person so dying, and not afterwards, if barred by the provisions of this chapter."

[6]General Laws 1956 (1969 Reenactment) §9-1-19 provides:
> "Disability postponing running of statute.—If any person at the time any such cause of action shall accrue to him shall be within the age of twenty-one (21) years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed."

the minor children. Accordingly, the suit on this action, which accrued in 1968, is barred by §§9-1-14 (see note 4 *supra*) and 9-1-21 (see note 5 *supra*) because it was not commenced until 1975.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Arcaro, Belilove & Kolodney, Abraham Belilove*, for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley*, for Joseph C. Flynn.

*Hugh L. Moore, Jr.*, for Stanis Lawson, for defendants.