Ann SANTELLE et al.

v.

MIRIAM HOSPITAL et al.

No. 79–354–A.

Supreme Court of Rhode Island.

March 13, 1980.

Lynch & Coleman, John D. Lynch, Warwick, for plaintiffs.

Roberts, Carroll, Feldstein & Tucker, David W. Carroll, R. Kelly Sheridan, Jr., Hugh L. Moore, Jr., Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley, Providence, for defendants.

ORDER

This case came before the court on March 4, 1980, on the defendants' motion under Rule 16(g) to affirm the judgment below which dismissed the complaint for failure to file this action for wrongful death within two years after decedent's death. After hearing arguments of counsel and considering plaintiffs' brief, we are of the opinion that in a wrongful death action, the two year period within which the action must be brought constitutes a condition or limitation upon the created right itself and not merely a limitation affecting the remedy. The statute permits of no exception to this requirement. *Short v. Flynn,* R.I., 374 A.2d 787 (1977); *Tillinghast v. Reed,* 70 R.I. 259, 38 A.2d 782 (1944). Therefore the motion to affirm the judgment below is hereby granted.

STAR STREET AREA NEIGHBORHOOD ASS'N

v.

CITY OF PAWTUCKET BOARD OF ZONING APPEALS.

No. 80–49–A.

Supreme Court of Rhode Island.

March 13, 1980.

Stone, Clifton & Clifton, Walter R. Stone, Providence, for plaintiff.

ORDER

The plaintiff herein has appealed from an order of the Superior Court upholding a ruling of the Pawtucket Board of Zoning Appeals. There is no right of appeal from such an order. *Bassi v. Zoning Board of Review,* 107 R.I. 702, 271 A.2d 210 (1970). Therefore, the plaintiff's appeal is denied and dismissed and the papers are remanded to the Superior Court.