Lisa BREGANT, a minor, by Carol BREGANT, her mother and next friend, Plaintiff-Appellant,

v.

Leroy L. FINK, M.D., Joshua E. Jensen, II, M.D., Royal J. Eaton, M.D., and Christian Hospital Northeast, Defendants-Respondents.

No. 51593.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 10, 1987.

Pat L. Simons, D. Lee Burdette, Popkin & Stern, St. Louis, for plaintiff-appellant.

Peter F. Spataro, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for Fink, Jensen and Eaton.

Kemper R. Coffelt, Richard W. Gibson, Coffelt & Coffelt, Clayton, for defendants-respondents.

CRIST, Judge.

Minor plaintiff appeals from dismissal of a wrongful death action arising from the death of plaintiff's father. The action was dismissed on the grounds that the three-year statute of limitations for a wrongful death suit had run. We affirm.

Plaintiff's father was admitted to defendant, Christian Hospital Northeast, on August 12, 1980, for elective surgery. On August 14, 1980, he received various medications in preparation for surgery. Plaintiff's father suffered a severe allergic reaction to those medications and died shortly thereafter.

On December 3, 1985, plaintiff brought a wrongful death action under § 537.080, RSMo (1978). On April 1, 1986, the suit was dismissed as barred by § 537.100, RSMo (1984 Supp.), the wrongful death three-year statute of limitations. Plaintiff, age thirteen when she brought suit, asserts the statute of limitations must toll for minors. We disagree.

In her brief, plaintiff argues that the three-year wrongful death statute of limitations is unconstitutional as applied to a minor's claim for wrongful death due to medical malpractice, in that it deprives the minor of open access to the courts and denies her a remedy in violation of the Missouri Constitution, Art. I, § 14. She relies on *Strahler v. St. Luke's Hospital,* 706 S.W.2d 7 (Mo. banc 1986), which held the statute of limitations for medical malpractice, § 516.105, violated the "open courts" provision of Art. I, § 14, because its effect was to bar a minor's claim without regard either to the validity of the claim or to the minor's innocence in failing to pursue the claim. Plaintiff asks us to "construe the meaning of 'personal injury' and 'medical malpractice' ... so as to accord minor wrongful death claimants its tolling benefit." We cannot toll the wrongful death statute of limitations for the reasons enumerated below; any such change in the wrongful death statute of limitations must come from the legislature.

*Strahler* involved a medical malpractice claim. The statute of limitations for such claims is set out in § 516.105 which is part

of chapter 516, the general chapter on statutes of limitations. By its terms chapter 516 "shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." 516.-300, RSMo (1978). Similarly, the tolling provision in chapter 516 applies only to "any person entitled to bring an action in sections 516.100 to 516.370." § 516.170 RSMo (1978). A wrongful death action is one that is limited by its own statute, thus it is outside the reach of chapter 516 generally and § 516.170 specifically.

The decision in *Strahler* does not directly apply to the application of the wrongful death statute of limitations. 706 S.W.2d at 12 n. 9. Plaintiff urges, however, that the reasoning in *Strahler* is persuasive. An action for medical malpractice was cognizable at common law, one for wrongful death was not. Wrongful death is strictly a statutory creation. *Schiles v. Gaertner*, 659 S.W.2d 791, 793 [2] (Mo.App.1983). And, an action for a death resulting from malpractice is a wrongful death action, not a malpractice action. *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 185 [7] (Mo.App. 1982). The courts of this state have long held that where there is a special statutorily created statute of limitations the courts cannot create judicial exceptions. *Frazee v. Partney*, 314 S.W.2d 915, 919 [4, 5] (Mo. 1958); *Langendoerfer v. Hazel*, 601 S.W.2d 290 [1] (Mo.App.1980); and *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 719 [3, 4] (Mo. App.1974). In wrongful death actions, filing within the statute of limitations has been held to be "a necessary condition attached to the right to sue—not merely a statute of limitations in the ordinary sense." *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 4 [3–5] (Mo.App.1975); *see also State ex. rel. Research Medical Center v. Peters*, 631 S.W.2d 938, 943 [9] (Mo.App.1982); and *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 239 [2, 5] (Mo.App.1973). Regardless of whether the period of limitation is an integral part of the cause of action or just a statute of limitations, because we are dealing with a statutorily created cause of action, it is the province of the legislature to provide any exceptions.

In holding as we do, we are not ignorant of *O'Grady v. Brown*, 654 S.W.2d 904 (Mo. banc 1983), in which the Missouri Supreme Court, in construing "person" in the wrongful death statute to include a viable fetus, held the Missouri Legislature "expected the statutory cause of action to keep pace with developments in the common law." 654 S.W.2d at 911 [12]. *O'Grady* dealt with statutory construction, at issue here is the constitutionality of a legislative restriction on a cause of action.

The purpose of our wrongful death statute is to compensate "a limited class of plaintiffs ... for the loss of ... one who would have been alive but for the defendant's wrong." *O'Grady*, 654 S.W.2d at 908 [4]; § 537.080, RSMo (1978). Both plaintiff and her mother had a possible cause of action when plaintiff's father died. § 537.-080(2); and *Schiles*, 659 S.W.2d at 794 [6]. Plaintiff's mother did not bring a suit in her own name, nor did she institute proceedings for plaintiff's benefit in the three years following plaintiff's father's death. There is nothing in the record suggesting she could not have done so. While plaintiff urges us to consider the situation of the friendless, minor, orphan, unable to look after her own interests and with no one to look after them for her, we are not confronted with that situation and need not decide this case as if we were.

Least we be derelict in our duties, we considered the decisions of other states before deciding as we did. Plaintiff relies on five foreign cases in urging us to find the statute of limitations is tolled. Three of those cases are distinguishable on the statutory language or evidence of legislative intent. *Hun v. Center Properties*, 63 Hawaii 273, 626 P.2d 182 (1981) (wrongful death statute amendment whereby statute of limitations applied "except as otherwise provided" interpreted to allow for tolling as provided in general statutes); *Switzer v. Reynolds*, 606 P.2d 244 (Utah 1980) (statute of limitations not in wrongful death statute thus court not prevented from applying general tolling statute); and *Wilbon*

*v. D.F. Bast Co.*, 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784 (1978) (tolling allowed in part because of legislative intent as shown by amendment, after appellate opinion, allowing tolling of wrongful death statute during minority). Two of the cases relied upon by plaintiff, however, just held that, on policy grounds, wrongful death actions were to be treated as common law actions. *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087 (Alaska 1979); and *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222 (Mass.1972). Like other courts, we decline to follow that path. *Taylor v. Black & Decker Mfg.*, 21 Ohio App.3d 186, 486 N.E.2d 1173 (1984); *Sandusky v. First Electric Coop.*, 266 Ark. 588, 587 S.W.2d 37 (1979); and *Short v. Flynn*, 118 R.I. 441, 374 A.2d 787 (1977). On the case law of this state, we can neither say that for the purpose of the statute of limitations a wrongful death action is in effect a common law action, nor can we say the very specific statute of limitations contained within the wrongful death statute does not apply to minors.

Judgment affirmed.

SNYDER, C.J., and KELLY, J., concur.