**Steven BISHOP, et al.**

v.

**Rudolf JAWORSKI, M.D. and State of Rhode Island et al.**

**No. 85–213–Appeal.**

Supreme Court of Rhode Island.

April 22, 1987.

Vincent T. Cannon, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Richard Woolley, Barbara Grady, Asst. Attys. Gen., for defendants.

OPINION

MURRAY, Justice.

This is an appeal on behalf of the plaintiff, Carrie Bishop, a minor, from an order of the trial court dismissing an action for personal injuries against the defendant, State of Rhode Island. The order was issued on the grounds that the statute-of-limitations period for bringing the action had expired and was not tolled by reason of the plaintiff's minority.

Carrie Bishop was born at Pawtucket Memorial Hospital on May 28, 1976. At the time she was born, the State Department of Health routinely tested the blood of all newborn infants for certain diseases including hypothyroidism. It appears that plaintiff's blood was never tested. As a result, there was a four-month delay in diagnosing her congenital hypothyroid condition. The plaintiff claims that the delay in diagnosis exacerbated her condition.

The plaintiff, through her parents, sued the pediatrician, Rudolf Jaworski, M.D., and Pawtucket Memorial Hospital in June 1983. On November 15, 1984, plaintiff joined the State of Rhode Island as a defendant. The state moved to dismiss the complaint on the grounds that the statute of limitations for bringing the action, G.L.

---

1956 (1969 Reenactment) § 9–1–25, as amended by P.L.1984, ch. 84, § 1, had already expired. A Superior Court justice granted the motion, finding that plaintiff's minority did not toll the running of the statute.

The issue before this court is whether the statute of limitations for bringing an action against the state is tolled during a child's minority. This question arises out of the statutory interpretation of legislation which relates to the partial abrogation of the doctrine of sovereign immunity within this jurisdiction.

The concept of sovereign immunity stems from the common-law fiction that "[t]he king can do no wrong." 1 Dooley, *Modern Tort Law*, § 20.01 at 473 (1982). Abrogation of this doctrine among the states is a relatively recent event. 5 Harper, James, & Gray, *The Law of Torts*, § 29.1 at 596 (2d ed. 1986). This doctrine has been superseded in Rhode Island to the extent that one may sue the state in tort "in the same manner as a private individual or corporation" subject to certain restrictions. General Laws 1956 (1969 Reenactment) § 9–31–1, as enacted by P.L.1970, ch. 181, § 2.[1]

The state tort claims act, § 9–31–1, incorporates by reference § 9–1–25, which sets forth the period of time in which an action may be brought against the state. Section 9–1–25 provides:

"When a claimant is given the right to sue the state of Rhode Island or any political subdivision thereof or any city or town by a special act of the general assembly, or in cases involving actions or claims in tort against the state or any political subdivision thereof, or any city or town, the said action shall be instituted within three (3) years from the effective date of said special act, or within three (3) years of the accrual of any claim of tort. Failure to institute suit within said three (3) year period of time

shall constitute a bar to the bringing of said legal action."

In certain circumstances statutes of limitation may be tolled when at the time the cause of action accrues a potential plaintiff is considered disabled according to § 9–1–19. Section 9–1–19 provides:

"If any person at the time any such cause of action shall accrue to him shall be within the age of twenty-one (21) years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed."

The plaintiff contends that § 9–1–19 effectively tolls the § 9–1–25 statute of limitations in the case at bar because of her minority status at the time the cause of action accrued. She argues, therefore, that the trial justice erred in ruling that the statute of limitations for bringing the action had already expired.

The state asserts that the trial justice properly dismissed the action because § 9–1–19 does not toll the running of the § 9–1–25 statute of limitations. The state argues that the state tort claims act must be strictly construed because it is in derogation of the common-law rule of sovereign immunity. *Markham v. State*, 99 R.I. 650, 654, 210 A.2d 146, 149 (1965) (statute in derogation of sovereign immunity is strictly construed). The state further argues that a strict interpretation of the tort claims act mandates no interference with the running of the § 9–1–25 statute of limitations unless the act expressly provides otherwise. Since the act does not expressly provide for enlarging the time in which an action may be brought, the state concludes that the § 9–1–25 statute of limitations may not be tolled.

The state correctly asserts that statutes in derogation of the common law must be strictly construed. We have recognized,

---

**1.** General Laws 1956 (1969 Reenactment) § 9–31–1, as enacted by P.L.1970, ch. 181, § 2 provides:

"The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limita-

tions set forth in § 9–1–25, hereby be liable in all actions of tort in the same manner as a private individual or corporation; Provided, however, That any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter."

however, that in enacting the state tort claims act the Legislature meant to waive a major portion of the statute's common-law sovereign immunity. *Laird v. Chrysler Corp.*, 460 A.2d 425, 429 (R.I.1983). Certainly there is nothing in § 9–31–1 or § 9–1–25 which bars tolling the § 9–1–25 statute of limitations in certain circumstances. Section 9–31–1 plainly incorporates by reference the § 9–1–25 statute of limitations. Section 9–1–19 provides for tolling of statutes of limitation in general. Since the Legislature is presumed to know the law, and §§ 9–1–25 and 9–1–19 are contained within the same title and chapter of the General Laws, it seems likely that the Legislature intended § 9–1–19 to toll the § 9–1–25 statute of limitations. If the Legislature did not intend § 9–1–19 to affect § 9–1–25 it could have easily provided otherwise.

The state also relies on the rule we adopted in *Short v. Flynn,* 118 R.I. 441, 447, 374 A.2d 787, 790 (1977), where we said that § 9–1–19 does not toll the statute of limitations in a wrongful-death action. The state's reliance on *Short v. Flynn* is misplaced. The statute referred to in *Short* is actually a condition precedent to commencing the action and not a mere time limitation. *Id.* at 444, 374 A.2d at 789. Section 9–1–25 simply limits the time in which an action may be commenced against the state.

For these reasons we believe that the Legislature intended to permit a child's minority to toll the statute of limitations in actions brought against the state. Should the Legislature disagree with this result, it is of course free to clarify its intent.

The plaintiff's appeal is sustained, the judgment below is reversed, and the papers in the case are remanded to the Superior Court for further proceedings.