FLORA BLIVEN, *pro ami*, *vs.* JOANNA B. WHEELER.

| 23 | 379 |
| 24 | 401 |

PROVIDENCE—DECEMBER 6. 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Pleading and Practice.*   *Infancy.*   *Statute of Limitations.*

A replication setting up the infancy of the plaintiff is, under Gen. Laws
cap. 234, § 6, a good reply to the defence of the statute of limitations in
an action of assumpsit by an infant plaintiff suing by her next friend.

(2)  *Prochein Ami.*   *Pleading and Practice.*

Where an infant sues by next friend it is not necessary for the replication
setting up the infancy of the plaintiff to a plea of the statute of limita-
tions to allege that the *prochein ami* is *sui juris*, as he will be presumed
to be a fit person and twenty-one years of age.

ASSUMPSIT.   Heard on demurrer to replication.   Demurrer
overruled.

ROGERS, J.  This case is before us on the defendant's de-
murrer to the plaintiff's second replication to the defendant's
first plea.

(1)   The action is assumpsit by an infant plaintiff, suing by her
next friend, for services rendered.   The defendant's first plea
was that she did not promise within six years, etc.   The
plaintiff replied thereto in her amended second replication
that she ought not to be barred, etc., because she says that
the plaintiff has always been and still is a minor under the
age of twenty-one, to wit, of the age of eighteen years, etc.

To this the defendant demurred, her first ground of de-
murrer being formal, was sustained by the Common Pleas
Division and amendment was allowed.   The other grounds
of demurrer were certified to this Division as substantial, and
were as follows, viz. :   Second.   Because the plaintiff in said
replication says in substance, that said plaintiff has always
been and still is within the age of twenty-one years, to wit,
of the age of eighteen years.   Third.   Because the plaintiff,
in said replication, does not allege that her said next friend,
Benjamin Bliven, was, at said time, when, etc., within the
age of twenty-one years.

The question, then, before us, is whether the replication of infancy by an infant plaintiff, suing by her next friend, to the defendant's plea of the statute of limitations, is a proper one.

Under Gen. Laws R. I. cap. 234, § 3, the limitation within which a person *sui juris* may bring an action like the one brought in this suit, is six years next after the cause of action shall accrue, and not after. As this plaintiff is not *sui juris*, but is an infant within the age of twenty-one years, section 6 of said chapter applies to her. Said section 6 is as follows; viz.: "If any person at the time any such action shall accrue to him shall be within the age of twenty-one years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed." If, then, the statute of limitations in this case extends the right of this infant plaintiff to sue until six years after she shall attain the age of twenty-one years it is perfectly clear that an action, brought by her while she is still but eighteen years of age, is brought in good time, it having been brought several years earlier than it needed to have been. How, then, could the defendant, admitting as she does that the plaintiff was within the age of twenty-one years at the time of bringing this suit, successfully demur to plaintiff's replication pleading her legal impediment, viz., her infancy? We quite agree with the counsel for the defendant where he says on page two of his brief—"It will not fail to be noticed that the statute merely accords minors the privilege of waiting until they become of age before bringing a suit, and that it does not preclude them from instituting a suit while under age if they choose to do so."

(2)     We fail to see any application of the third ground of demurrer assigned by the defendant. A *prochein ami* is not a party to the suit, but is simply a person appointed to look after the interests of, and to manage the suit for, one, who, by reason of some disability, is unable to look after his own interests and manage his own suit. 14 Enc. Pl. & Pr. 998. A *prochein ami* is liable for costs of suit in case the infant

fails in the action, and execution issues against him.  Reeves. Dom. Rel. 4th ed. 333; *Anon.* 1 Atk. 570.  If the *prochein ami* is not a proper person for the position the defendant could doubtless obtain his removal and the substitution of another, but there has been no effort to remove him, and the *prochein ami* will be presumed to be a fit person and twenty-one years of age, and it is not necessary for the replication to allege that he is *sui juris.*  Indeed it is laid down in 14 Enc. Pl. & Pr. 1019, that, after pleading to the merits, objection cannot be raised, for the defendant is deemed to have thereby admitted that the plaintiff is *rectus in curia.*

We fail to see how the demurrer can be sustained.

It seems to us that the defendant must be laboring under some misapprehension as to what her demurrer applies to, as her counsel's brief applies to a demurrer to a fancied replication of infancy to the plea in set-off, but no such replication to that plea has been filed, and, unless the set-off is for something other than necessaries, it is more than probable that the plaintiff did not intend to set up her infancy as to that.

Demurrer overruled.

*Albert B. Crafts*, for plaintiff.

*Thomas H. Peabody*, for defendant.