Thomas W. BAKALAKIS, p.p.a.
Thomas A. Bakalakis et al.

v.

WOMEN & INFANTS' HOSPITAL et al.

No. 91–681–M.P.

Supreme Court of Rhode Island.

Feb. 4, 1993.

Elizabeth Mulvey, Lubin & Meyer, P.C., Boston, MA, George Pliakas, Providence, for plaintiff.

Ruth DiMeglio, Carroll, Kelly & Murphy, Alan R. Tate, Tate & Elias, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to defendants' petition for a writ of certiorari to review an order of the Superior Court denying their motion to dismiss. We quash the order below.

On December 16, 1987, plaintiffs, Thomas W. Bakalakis, p.p.a., Thomas A. Bakalakis, Thomas A. Bakalakis, and Sandra Bakalakis, filed suit in the Superior Court against defendants Women & Infants' Hospital and Brian May, M.D. The suit against May was later dismissed with prejudice.

The plaintiffs alleged negligent medical care and treatment at the time of the birth of Thomas W. Bakalakis on December 18, 1984.

On December 1, 1988, and February 2, 1989, Robert Barone, M.D. and Alvin Gendreau, M.D., were deposed by plaintiffs. Both doctors had provided Mrs. Bakalakis with prenatal care and had participated, in different capacities, in her labor and delivery. Two other physicians were deposed, Kenneth Elkington, M.D., on December 7, 1989, and Mitchell Bellucci, M.D., on September 28, 1990.

Thereafter, on November 13, 1990, a motion was filed to amend the complaint that would add Doctors Barone and Gendreau as defendants in the action. That motion was never heard, but a second motion to amend the complaint was heard and granted on April 19, 1991. The newly added defendants, Barone and Gendreau, promptly filed motions to dismiss on the grounds that these claims against them were time barred by G.L.1956 (1969 Reenactment) § 9–1–14.1, as amended by P.L.1984, ch. 236, § 1, that service of process upon them was insufficient; and that plaintiffs had failed to use due diligence in investigating their claim so that they were now prevented from raising it. After hearing, their motion to dismiss was denied, and defendants thereafter petitioned this court for a writ of certiorari to review the order of the trial court.

The main issue before us is whether § 9–1–14.1(a) allows a minor to amend a pending complaint to include new defendants more than three years after occurrence of the incident that gave rise to the cause of action.

 Section 9–1–14.1 is the statute of limitations for medical-mal-practice actions. That statute at the time of the incident in question read:

"Notwithstanding the provisions of section 9–1–14 of the general laws, an action for medical malpractice shall be commenced within three (3) years from the time of the occurrence of the incident

which gave rise to the action, providing, however, that:

(a) One who is under disability by reason of age, mental incompetence or otherwise, and on whose behalf no action is brought within the period of three (3) years from the time of the occurrence of the incident, shall bring said action within three (3) years from the removal of said disability.

(b) In respect to those injuries due to acts of medical malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of medical malpractice should, in the exercise of reasonable diligence, have been discovered." Section 9–1–14.1, as amended by P.L.1984, ch. 236, § 1.

The threshold issue before us, however, has not been addressed by this court previously. It is whether the general disability tolling statute, § 9–1–19, affects or in effect supersedes the provisions of § 9–1–14.1(a). The provisions of § 9–1–19 read in pertinent part:

"If any person at the time any such cause of action shall accrue to him shall be within the age of twenty-one (21) years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed."

A recent decision of this court, in a case presenting a factually analogous situation, will have a bearing on our considerations. In *Bishop v. Jaworski*, 524 A.2d 1102 (R.I. 1987), we addressed the issue of whether the statute of limitations for bringing an action against the state is tolled during a child's minority. Section 9–1–25 sets out the time periods in which plaintiffs must bring actions against the state. Unlike § 9–1–14.1(a), it does not address the effects of any disabilities on these limitations. In *Bishop* we held:

"Section 9–1–19 provides for tolling of statutes of limitation in general. Since

the Legislature is presumed to know the law, and §§ 9–1–25 and 9–1–19 are contained within the same title and chapter of the General Laws, it seems likely that the Legislature intended § 9–1–19 to toll the § 9–1–25 statute of limitations. If the Legislature did not intend § 9–1–19 to affect § 9–1–25 it could have easily provided otherwise."

It follows then that in the situation before us, since the Legislature has not been silent, it did not intend § 9–1–19 to supersede § 9–1–14.1. Subsection (a) of § 9–1–14.1 reads in part, "one who is under disability by reason of age, mental incompetence or otherwise *and on whose behalf no action is brought within the period of three (3) years from the time of the occurrence of the incident*, shall bring said action within three (3) years from the removal of said disability." (Emphasis added.) The plain language suggests that if no action on behalf of one who is under a disability is brought within three years of the occurrence of the incident, then the statute of limitations is tolled until the maximum of three years after the disability is removed. It would also follow, then, that if an action is brought within three years of the occurrence of the incident, the minor does not benefit from the tolling of the provision once the disability is removed. It appears to us that if the Legislature did not intend to limit a minor's ability to initiate medical malpractice actions, subsection (a) of § 9–1–14.1 would be unnecessary.

██ It is plaintiffs' position that the plain meaning of § 9–1–14.1(a) does not preclude this action because no other action has been filed against these particular defendants. They maintain that Doctors Barone and Gendreau can be sued up until three years after the removal of Thomas' disability, which would be the year 2005. We are persuaded, however, that the language in the statute is plain and compelling, and, to hold otherwise would bring about the unwelcome situation where the action brought within the three-year period would be merely preliminary to the main event when the minor brought suit on his or her own behalf.

Because our resolution of the statute of limitations issue is dispositive of this appeal, we need not reach the reasonable-diligence issue raised by the plaintiffs.

For these reasons the petition for a writ of certiorari is granted, the motions to dismiss should have been granted, and the order denying the motions to dismiss is quashed. The papers of the case are remanded to the Superior Court with our decision endorsed thereon.

FAY, C.J., did not participate.