Justice FLAHERTY,
dissenting.
I respectfully dissent from that portion of the majority’s opinion that holds that the plaintiffs, Jean and Bunsan Ho-Rath, are precluded from bringing a lawsuit on behalf of their minor daughter, Yendee, and that Yendee must wait until she reaches the age of eighteen to file suit for the medical negligence that she alleges she suffered at the hands of the defendants. I do not agree with the majority that the statute is clear and unambiguous. In my opinion, G.L.1956 § 9-1-14.1(1) can be fairly read as either: (1) prohibiting, until he or she reaches the age of majority, the initiation of a lawsuit by a minor on whose behalf no suit has been brought within three years of the incident giving rise to the claim, as the majority construes it, or, (2) as setting an outside limit for the initiation of such an action.[1] It is well settled *952 that, if a statute can be reasonably read in more than one way, it is ambiguous, and the intent and purpose of the Legislature in enacting the statute must be divined. See Harvard Pilgrim Health Care of New England, Inc. v. Rossi 847 A.2d 286, 290 (R.I.2004) (quoting Direct Action for Rights and Equality v. Gannon, 819 A.2d 651, 659 (R.I.2003) (“When a statute is ambiguous, however, we must apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature.”)). In arriving at its conclusion, the majority leans heavily on three prior decisions of this Court: Rachal v. O’Neil, 925 A.2d 920, 924 (R.I.2007); Dowd v. Rayner, 655 A.2d 679, 681-82 (R.I.1995); and Bakalakis v. Women & Infants’ Hospital, 619 A.2d 1105, 1106 (R.I.1993). However, in my view, none of these cases reaches the precise issue that we decide today.
In Bakalakis, 619 A.2d at 1106, unlike the present case, the plaintiffs did initiate suit prior to the expiration of the three-year clock. But then, while the lawsuit was ongoing, and after more than three years had passed from the alleged malpractice, the plaintiffs attempted to amend the complaint by adding new defendants. Id. On appeal, this Court framed the issue presented as “whether § 9 — 1—14.1[(1)] allows a minor to amend a pending complaint to include new defendants more than three years after occurrence of the incident that gave rise to the cause of action.” Bakalakis, 619 A.2d at 1106. Relying on the language of § 9-1-14.1, this Court held that adding new defendants was not permissible and “to hold otherwise would bring about the unwelcome situation where the action brought within the three-year period would be merely preliminary to the main event * * *.” Bakalakis, 619 A.2d at 1107. It is my view that Bakalak-is stands for the proposition that, if a parent or guardian has filed suit within three years, he or she has effectively asserted the minor’s rights, and, in the interest of bringing forth all claims in a timely manner, no amendments naming new defendants can be made after that three-year limit has passed. Here, because the minor Yendee Ho-Rath’s rights were not exercised by her parents within three years, the statute’s tolling provision should apply, a fact that Bakalakis acknowledges. Id. (“if no action on behalf of one who is under a disability is brought within three years of the occurrence of the incident, then the statute of limitations is tolled”).
In Rachal, 925 A.2d at 921, an entirely different scenario presented itself. There, an injured minor plaintiff attempted to add a defendant to a pending lawsuit for personal injury. Id. Citing Bakalakis, a justice of the Superior Court denied the plaintiffs motion to amend the complaint and granted summary judgment for the defendant. Id. at 923, 926. However, we vacated that judgment because the plaintiffs claims did not sound in medical malpractice. Id. at 928. The Court reasoned that because § 9-1-14, the statute of limitations for personal injury, was the applicable statute, not § 9-1-14.1, which is specific to professional negligence actions, the tolling provisions of § 9-1-19 applied. Rachal, 925 A.2d at 927. We relied on Bakalakis, which we said implicitly stands for the proposition that § 9-1-19 tolls the running of the statute of limitations in personal injury actions, and held, therefore, that the Rachal plaintiffs amend *953 ments were proper.[2] Rachal, 925 A.2d at 927. Rachal notes the “unique tolling paradigm set forth in § 9-l-14.1[(l)],” and we characterized that “exception carved out by § 9 — 1—14.1[(1)]” as one that concerns amendments of minors’ claims. Rachal, 925 A.2d at 927. I can discern no conflict between my reading of the statute and Rachal.
Finally, in Dowd, the Court discussed the rationale for § 9-1-14.1 and the “medical malpractice crisis” that precipitated its enactment. Dowd, 655 A.2d at 681 (“[f]aced with the crisis, the Legislature had legitimate interests in limiting the number of medical malpractice suits”). In deciding against the plaintiffs’ constitutional challenge of the statute, the Court held that “[t]he rational purpose of [§ 9-1-14.1] is the restriction of multiple suits or amended complaints filed against additional defendants on a serial or piecemeal basis.” Dowd, 655 A.2d at 682. The Court today is not confronted with “serial or piecemeal” suits, and none of the above cases can, in my opinion, serve as support for the majority’s decision. Id.
It is my view that in enacting § 9-1-14.1, the General Assembly intended to bar the serial addition of defendants long after litigation had been initiated and long after the alleged acts of malpractice had occurred. Indeed, that is precisely what occurred in Bakalakis. In other words, the Legislature required plaintiffs in medical negligence cases to lay all their cards on the table at the time suit is brought, and, thereby, in the professional malpractice context, somewhat restrict suits brought by minors, as compared to those under the ordinary tolling provision in § 9-1-19. Thus, a minor plaintiff in a medical malpractice action could no longer interminably string out litigation for years on end by adding new defendants at will until three years after reaching the age of majority. Ironically, however, the opinion of the majority may well portend a similar undesirable result: a long wait simply for litigation to begin. In the case of a three-year-old plaintiff, that wait could be as long as eighteen years.
It well settled that the Legislature is presumed to know the state of the law when it enacts new legislation. See, e.g., Narragansett Food Services, Inc. v. Rhode Island Department of Labor, 420 A.2d 805, 808 (R.I.1980) (“The Legislature is presumed to know the state of existing relevant law when it enacts * * * a statute.”). That being the case, I have confidence that the Legislature knew, when it enacted § 9-1-14.1, that the policy of the law was to protect the rights of those laboring under a legal disability. See Rivers v. American Commerce Insurance Co., 886 A.2d 200, 204 (R.I.2003) (“this Court has recognized * * * [tolling provisions for minors and other disabilities] * * * are based on clearly defined public policy and equity concerns”). This policy is nearly universal among the states and has profound common-law origins; just one example notes the “deep and long recognized principle of the common law,” that “children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations.” Williams v. Los Angeles Metropolitan Transit Author *954 ity, 68 Cal.2d 599, 68 Cal.Rptr. 297, 440 P.2d 497, 499 (1968).
I have confidence as well that the Legislature was fully aware of and appreciated the policy encouraging the prosecution of claims before they are stale. Ryan v. Roman Catholic Bishop of Providence, 941 A.2d 174, 181 (R.I.2008) (quoting Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-49, 64 S.Ct. 582, 88 L.Ed. 788 (1944) (“Statutes of limitation ‘are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.’”)); Rivers, 836 A.2d at 204 (quoting Roe v. Gelineau, 794 A.2d 476, 485 (R.I.2002) (“[statutes of limitation promote certainty and finality and avoid stale claims”)). In my opinion, to ascribe an intent to the General Assembly to institute a moratorium as lengthy as between the ages of three and eighteen in which a minor cannot avail herself of redress through the courts, as the majority holds here, would require a conclusion that the Legislature dispatched these time-honored principles. There is nothing in § 9-1-14.1 that remotely suggests they did.
The language in § 9 — 1—14.1(1) says that minors on whose behalf no suit is brought within the three-year period normally applicable to adults “shall bring the action within three (3) years from the removal of the disability.” This language is strikingly similar to that in the general tolling provision, § 9-1-19, which says that a plaintiff suffering under a disability “may bring the cause of action, within the time limited under this chapter, after the impediment is removed.” There can be no doubt that the language in § 9-1-19 has been interpreted as setting an outside limit for the filing of the claim. See Bliven v. Wheeler, 23 R.I. 379, 380, 50 A. 644, 644 (1901) (interpreting the statute then in effect analogous to today’s § 9-1-19). In Bliven, this Court reasoned, “the statute of limitations in this case extends the right of this infant plaintiff to sue until six years after she shall attain the age of [majority],” therefore the plaintiff’s suit, filed while still a minor, was “brought in good time, it having been brought several years earlier than it needed to have been.”[3] Id. Nothing in our century of law since has held that a minor is barred from suing while he or she remains a minor. The majority’s opinion takes the similar language of § 9-1-14.1(1) and uses it to create a legal vacuum that does not permit a minor to sue in what would otherwise be “in good time,” albeit early, leaving only the three years after the age of majority is reached in which to file. Bliven, 23 R.I. at 380, 50 A. at 644. Such an intent by the Legislature would not be rational, because it does nothing to limit or mitigate the risk to insurance carriers and medical professionals from malpractice suits. Indeed, it merely prolongs their periods of exposure.
When it addressed the medical malpractice crisis of the 1970s, the General Assembly could have adopted any of a wide array of approaches, including eliminating any tolling provision and treating minors as adults, a system some states resorted to when addressing their own crises. See Schroeder v. Weighall, 179 Wash.2d 566, 316 P.3d 482, 489 (2014) (holding unconstitutional, on state constitutional grounds, Wash. Rev.Code Ann. § 4.16.190(2) (West 2015), which eliminated the tolling of the *955 statute of limitations for minors in medical malpractice actions). However, and with all due respect to my colleagues in the majority, it defies common sense to determine that the Legislature would have stymied protections for minors that had been part of the law for centuries.
Respectfully, I cannot agree with the majority’s assertion that its construction of the statute will lead to the promotion of our ideals of “certainty and finality and avoid[ance of] stale claims.” Roe v. Gelineau, 794 A.2d 476, 485 (R.I.2002). In my opinion, the result today invites just the opposite scenario: a blameless minor on whose behalf suit was not brought within three years must wait, perhaps up to fifteen years, to prosecute a claim. It takes little imagination to conclude that, during this period, doctors may relocate, retire, or die; hospitals may close or merge; and records may become misplaced or lost. See Ryan, 941 A.2d at 181 (quoting Order of Railroad Telegraphers, 321 U.S. at 348-49, 64 S.Ct. 582 (lamenting a situation where “evidence has been lost, memories have faded, and witnesses have disappeared”)). This, in my opinion, works an irremediable injustice upon a minor and cannot be what the General Assembly intended when it enacted the statute.
It is my opinion that the better interpretation of the statute would be to provide minors on whose behalf no suit has been filed within three years of an act of negligence the benefit of the tolling provision inherent in § 9-1-14.1(1) and allow them to file suit at any time up until three years after they attain the age of majority. We essentially said as much in Bakalakis: “[t]he plain language suggests that if no action on behalf of one who is under a disability is brought within three years of the occurrence of the incident, then the statute of limitations is tolled until the maximum of three years after the disability is removed.” Bakalakis, 619 A.2d at 1107 (emphasis added). Conversely, and consistent with Bakalakis, if a suit is brought on behalf of a minor within three years of the incident,[4] the minor would have no further right to bring claims against additional defendants in the future because, “if an action is brought within three years of the occurrence of the incident, the minor does not benefit from the tolling of the provision once the disability is removed.” Id. Further, I find it noteworthy that this case deals with just one legal disability contemplated by § 9-1-14.1(1), minority, which has a finite end. Applying the majority’s reasoning to a plaintiff whose disability has no known set terminus, such as mental incompetency, would leave no guaranteed saving provision for that plaintiff. There is no known time when the disability of incompetence may be removed, thus opening the “window” that the majority’s opinion creates. The majority’s opinion leaves this complication for another day. In my view, the statute should apply broadly to plaintiffs laboring under any legal disability, thus avoiding the possibility of parsing the legislation among plaintiffs having various disabilities.
The import of Bakalakis, and the Legislature’s intent in passing § 9-1-14.1, is, in my opinion, that where suit has not been brought on a minor’s behalf within three years of the incident of professional malpractice, once the minor does bring suit, she is expected to join all defendants to the action within a three-year period, even if she may remain a minor for many years. Indeed, this Court has said very nearly the *956 same thing, “[t]he rational purpose of [§ 9-1-14.1] is the restriction of multiple suits or amended complaints filed against additional defendants on a serial or piecemeal basis.” Dowd, 655 A.2d at 682. This interpretation accomplishes the goal of eliminating drawn-out litigation, which can, and does, occur in personal injury suits brought under § 9-1-19, while not abrogating a minor’s right to relief or mandating that her claim grow stale in the intervening years before she reaches the age of majority.
For the reasons above, I respectfully dissent from the majority opinion.

. General Laws 1956 § 9-1-14.1 reads in pertinent part:
"[A]n action for medical * * * malpractice shall be commenced within three (3) years from the time of the occurrence of the incident which gave rise to the action; provided, however, that:
"(1) One who is under disability by reason of age, mental incompetence, or otherwise, and on whose behalf no action is brought within the period of three (3) years *952 from the time of the occurrence of the incident, shall bring the action within three (3) years from the removal of the disability.”

. "Ultimately, it is Bakalakis that cements'— albeit by implication — the reversal of the denial of the Rachals’ motion to amend the complaint and add parties. * * * [T]his Court’s formulation of the threshold issue in Bakalakis gives rise to an unmistakable inference that but for the exception carved out by § 9 — 1—14.1 [(1)], § 9-1-19 would allow the amendment of a minor’s claim at any time before [she] turns twenty-one.” Rachal v. O’Neil, 925 A.2d 920, 927 (R.I.2007) (Suttell, J.) (citing Bakalakis v. Women & Infants’ Hospital, 619 A.2d 1105, 1107 (R.I.1993)).

. We agreed with the argument that "the statute merely accords minors the privilege of waiting until they become of age before bringing a suit, and that it does not preclude them from instituting a suit while under age if they choose to do so.” Bliven v. Wheeler, 23 R.I. 379, 380, 50 A. 644, 644 (1901).

. Alternatively, as the statute clearly states, suit is also proper "within three (3) years of the time that the act or acts of the malpractice should, in the exercise of reasonable diligence, have been discovered." Section 9-1-14.1(2).