**Supreme Court**
No. 2025-118-Appeal.
(KC 24-1149)

Rachel Mulligan Individually and as    :
          PPA R.M.

                    v.                   :

Devin Duprey et al.          :

## O R D E R

Devin Duprey and Kelsey Duprey (collectively, the Dupreys) appeal from a Superior Court order granting a preliminary injunction in favor of the plaintiff, Rachel Mulligan (Mulligan), individually and in her capacity as *per prochein ami*[1] for her minor daughter.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been

---

[1] *Per prochein ami* means by next friend. Black's Law Dictionary 1251 (12th ed. 2024); *see Bliven v. Wheeler*, 23 R.I. 379, 380, 50 A. 644, 644 (1901) ("A prochein ami is not a party to the suit, but is simply a person appointed to look after the interests of, and to manage the suit for, one who, by reason of some disability, is unable to look after his own interests and manage his own suit.").

shown and that this case may be decided without further briefing or argument.[2] For the reasons set forth herein, we affirm the order of the Superior Court.

In December 2024, Mulligan filed a *pro se* complaint in Kent County Superior Court on behalf of herself and her daughter naming the Dupreys and Devin's father, David Duprey (David)[3] as defendants. In January 2025, a hearing for a preliminary injunction commenced, during which Mulligan testified that the Dupreys, her neighbors, had harassed her and her family through taunting, name calling, and loud music. Mulligan further stated that the Dupreys repeatedly mocked the Mulligans through the bushes along the property line. Specifically, Mulligan testified that the Dupreys called her a "[b]ig [m]outh [r]at" and wrote a song in which they called her daughter a "[d]iabetic [r]at." On February 11, 2025, the trial justice issued a bench decision granting the preliminary injunction. An order to that effect entered on the same day. The Dupreys timely appealed.

On appeal, the Dupreys assert several assignments of error, most notably that the trial justice (1) failed to balance the equities; (2) overlooked a pattern of fabricated allegations; and (3) failed to maintain the status quo.

---

[2] We note that Mulligan was defaulted for failure to file a counterstatement in compliance with Article I, Rule 12A(2) of the Supreme Court Rules of Appellate Procedure and did not appear for oral argument.

[3] Although David Duprey is listed as a party to the complaint, he is not a party to this appeal. The trial justice found that there was insufficient evidence to justify the issuance of a restraining order against David and denied Mulligan's petition in that regard.

"We review a trial justice's decision to grant a preliminary injunction for an abuse of discretion." *United Parcel Service, Inc. v. Griffiths*, 297 A.3d 502, 502 (R.I. 2023) (mem.). "A party need only establish a prima facie case warranting injunctive relief; therefore, we confine our task to reviewing whether the trial justice considered and resolved the well-known four factors without committing an abuse of discretion." *Id.* at 502-03.

Specifically, in order to succeed on a motion for preliminary injunction, the moving party must demonstrate that he or she "(1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." *Gabriel v. Willis*, 326 A.3d 172, 176 (R.I. 2024) (quoting *Finnimore & Fisher Inc. v. Town of New Shoreham*, 291 A.3d 977, 983 (R.I. 2023)).

The Dupreys advance no clear argument that the trial justice abused his discretion, and our review of the record reveals no such abuse. The trial justice heard testimony from both Mulligan and the Dupreys and concluded that the Dupreys' conduct constituted "unbridged [*sic*] harassment." In light of that conclusion, the trial justice found that Mulligan had demonstrated a likelihood of success on the merits and that the Dupreys' behavior necessitated injunctive relief to prevent

irreparable future harm to Mulligan and her daughter. Although the analysis was brief, we discern no error. *See Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 709 (R.I. 2015) ("Although the hearing justice's analysis in this regard was not set forth exhaustively in his bench decision, we are satisfied that he appropriately considered the evidence presented and found that plaintiff had a reasonable likelihood of success on his claims * * *.").

The trial justice next determined that the balance of equities favored Mulligan, explaining that "[t]here is absolutely no reason why these parties have to be involved with each other or to see each other or have any interaction with each other." Before this Court, the Dupreys argue that the trial justice erred in balancing the equities, contending that Mulligan was the primary aggressor and that the trial justice's decision rewarded the abuser and penalized the victim. However, upon our review, the trial justice adequately explained his basis on this factor. *See United States Parcel Service, Inc.*, 297 A.3d at 503 ("[A]lthough this Court does not require perfection, a trial justice must, at a minimum, articulate a coherent, unambiguous basis of support for the four factors.").

Lastly, the trial justice determined that the issuance of a preliminary injunction would preserve the status quo. The Dupreys argue that the trial justice's decision "disrupts" the status quo by emboldening Mulligan's conduct and "restricting" the Dupreys' safety, thereby warranting reversal. However, the trial

justice determined that the issuance of a preliminary injunction would maintain the status quo, "which is the peaceful coexistence of the parties."  We discern no error in that determination.  Accordingly, our review of the record reveals that the trial justice acted well within his discretion in granting the preliminary injunction.  We echo the trial justice's sentiment that "[m]uch of the parties' conduct is childish and not becoming of great minds in adults."  At oral argument, the Dupreys reported that since the hearing below, the Mulligans have moved out of state and there is no expectation of further contact between the parties.  That should bring this saga to an end.

For the reasons set forth herein, we affirm the order of the Superior Court. The papers may be remanded to the Superior Court.

Entered as an Order of this Court this 23rd day of April, 2026.

By Order,

___/s/ Meredith A. Benoit___

Clerk

Justice Goldberg did not participate.

- 5 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Rachel Mulligan Individually and as PPA R.M. v. Devin Duprey et al. | |
| **Case Number** | No. 2025-118-Appeal. (KC 24-1149) | |
| **Date Order Filed** | April 23, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Rachel Mulligan, *pro se* | |
| | For Defendants:<br><br>Devin Duprey, *pro se*<br>Kelsey Duprey, *pro se* | |